#### FOR THE

## COUNTY OF ESSEX.

### MARCH TERM, 1846.

PRESENT,

HON. CHARLES K. WILLIAMS, CHIEF JUDGE.
HON. STEPHEN ROYCE, } ASSISTANT JUDGES.
HON. DANIEL KELLOGG. 

---

### STATE v. WILLIAM PALMER.

An indictment for polygamy, under the statute of this state, which alleges that both marriages were had in another state, and that the respondent has feloniously cohabited with his second wife in this state, must allege, that the second marriage was unlawful in the state where it was had; and if this allegation is omitted, judgment will, on motion, be arrested.

Where the section, in the statute, which declares an act to be a crime, refers to certain exceptions, as being specified in another distinct section of the statute, *quære*, whether those exceptions should be negated in the indictment, or whether the respondent should bring himself within them by his evidence.*

---

*The indictment, in this case, was founded on sections five and six of chapter ninety nine of the Revised Statutes,—which are in these words;—

Sec. 5. If any person, who has a former husband or wife living, shall marry another person, or shall continue to cohabit with such second husband or wife in this State, he or she shall, except in the cases mentioned in the following section, be deemed guilty of the crime of polygamy, and shall be punished by imprisonment, as in the case of adultery.

State *v.* Palmer.

INDICTMENT for polygamy. The allegations were, that the respondent, " on the eighth day of July, 1819, at Whitestown, in the ' county of Oneida and state of New York, did marry one Hannah ' Parkhurst, and her, the said Hannah, then and there had for his ' wife, and to her, the said Hannah, then and there was married, ' and that the said William Palmer, afterwards, to wit, at Littleton, ' in the county of Grafton, and State of New Hampshire, on the ' sixth day of May, 1843, did marry and to wife did take one Jane ' Cheney, and to her, the said Jane Cheney, then and there was ' married,—the said Hannah, his former wife, being then and still ' alive,—and that the said William Palmer, at said Lunenburgh, in ' said county of Essex, from said sixth day of May, 1843, till the ' finding of this inquisition, feloniously did continue to cohabit with ' said Jane, his second wife, the said Hannah, his former wife, being ' then and still living, contrary," &c.

After a verdict of guilty the respondent moved in arrest of judgment, assigning, as causes, that it was not alleged in the indictment, that he knew his alleged former wife was living, at the time of his marriage to his second wife, or that he knew she was living at the time of his alleged cohabiting with his second wife,—that it was not alleged, that, at the time of his second marriage, he knew that his marriage with the said Hannah Parkhurst was subsisting and valid, —and that the indictment was, in other respects, informal and insufficient.

The county court overruled the motion in arrest. Exceptions by respondent.

———— for respondent.

An indictment for an offence against the statute must, with certainty and precision, charge the respondent with having committed,

---

Sec. 6. The provisions of the preceding section shall not extend to any person, whose husband, or wife, shall have been continually beyond the sea, or out of the state, for seven years together, the party, marrying again, not knowing the other to be living within that time, or to any person, who shall be, at the time of such marriage, divorced by sentence or decree of any court, having legal jurisdiction for that purpose, or to any person, or persons, in case the former marriage has, or shall, by sentence of such court, be declared null and void, or to any person, when the former marriage was within the age of consent, and not afterwards assented to.

or omitted, the acts, under the circumstances and with the intent mentioned in the statute. Arch. Cr. Pl. 51. The statute exceptions, in this case, should have been stated in the indictment. Ib. 53. 3 Vt. 157. 1 Chit. Cr. Law 204, 205. The indictment does not allege the former marriage to have been legal, nor the second marriage to have been illegal, as it should have done. It should have been alleged, that the former wife had not been continually out of the state for seven years together, nor beyond the sea. The indictment should also have alleged, that the second marriage was in violation of the law of New Hampshire. 2 Pick. 139. 1 Chit. Cr. Law 284, 285. 3 Vt. 157.

*W. T. Barron*, state's attorney.

The fact, that the respondent was ignorant, that his former wife was living at the time of his marriage and cohabitation with the second wife, would not avail him, unless that ignorance had been continuing for the space of seven years previous. Rev. St., c. 99, § 6. And then it would be matter of defence, not necessary to be negated in the indictment; it is for the respondent to show himself within the excepted cases. 1 Chit. Cr. Law 283. Arch. Cr. Pl. 53. The validity of the first marriage need not be alleged, but must be proved, on trial; and, the contract being one for life, the statement of the existence of the parties at the time of the second marriage is sufficient, from which to presume, that the first marriage was then subsisting, and, of course, valid. Arch. Cr. Pl. 474–476. If, in fact, not subsisting, it is matter of defence, and for the respondent to prove. Arch. Cr. Pl. 53. Rev. St., c. 99, § 6. It is immaterial where the second marriage was contracted, if the cohabitation be in this state.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The indictment, in this case, charges, that the respondent, on the nineteenth of July, 1819, married one Hannah Parkhurst, at Whitestown, in the state of New York, and that he afterwards, at Littleton, in the state of New Hampshire, on the sixth of May, 1843, married one Jane Cheney, and that he continued to cohabit with the latter woman, in this state, to the time of finding the indictment,—his first wife being then and still living. The respondent was found guilty and filed a motion in arrest of judgment.

State *v.* Palmer.

We are of opinion, that the indictment is insufficient. The second marriage being in the state of New Hampshire, of whose laws we cannot judicially take notice, the respondent committed no offence against the laws of this state by such marriage; and, unless that marriage was unlawful by the laws of New Hampshire, Jane Cheney became his lawful wife, and perhaps the woman, to whom he was formerly married, by the same law ceased to be his wife. It could be no offence in him to cohabit, in this state, with the woman to whom he was lawfully married. There should, therefore, have been an allegation, that the second marriage, in New Hampshire, was unlawful, or the respondent committed no offence, by continuing to cohabit with the woman in this state. We are of opinion, that, without such an allegation, the indictment cannot be sustained. If the second marriage had been in this state, inasmuch as it was illegal, the former wife being living and the lawful wife of the person charged, the illegality of the second marriage would have been apparent, and the court could have judicially recognized its illegality.

There is another objection raised to the indictment, which we are not disposed to decide at this time, with the limited means and time which we have for investigating it,—that is, whether the indictment should not have alleged, that the respondent was not within any of the exceptions, named in the providing clause.

The general rule is, that, when the exceptions are contained in the enacting clause, the indictment must negative them, and state that the respondent does not come within them; but when they are contained in a separate section, the respondent must show, in defence, that he comes within them. There is certainly great plausibility in the argument, that, as the exceptions are mentioned in the enacting clause of the fifth section, referring to the next section for the particulars, it should have been alleged, that the respondent was not within them. This point, however, is not decided.

It may also be worthy of some consideration, whether some farther legislation is not necessary, to provide for a case, where both marriages are in a foreign government, the party continuing to cohabit with only one wife in this state. It is evidently a case not specially provided for, although the terms of the statute may be broad enough to reach such a case, if the second marriage was illegal.

The judgment is arrested and the respondent discharged.