### Commonwealth *vs.* Charles Tompson.

On an indictment for adultery, containing two counts, in one of which the offence was charged to have been committed with E. B., and in the other with a woman whose name was not known, evidence being introduced tending to show that the person of the woman was known, and that her name was E. B., it was held, that if the jury doubted, upon the evidence, whether the true name of the woman was E. B., they might find the defendant guilty on the second count.

An allegation, in an indictment for adultery, that the offence was committed "with a certain woman, whose name to said jurors is unknown," &c., the defendant "being then and there a married man, having a lawful wife alive, other than said woman whose name to said jurors is unknown as aforesaid," is a sufficient description of the person with whom the offence is alleged to have been committed.

The defendant was tried in the court of common pleas before *Mellen*, J., on an indictment for adultery. The indictment contained two counts. In the first count, the offence was charged to have been committed with Esther Bradford, spinster, the defendant being a married man, and having a lawful wife alive, other than the said Esther Bradford. The second count alleged, that the defendant "did commit the crime of adultery with a certain woman whose name to said jurors is unknown, &c., he the said Tompson being then and there a married man, and having then and there a lawful wife alive other than said woman whose name to said jurors is unknown as aforesaid."

At the trial, evidence was introduced on the part of the prosecution tending to show, that the person, with whom the alleged offence was supposed to have been committed, was known, and that her name was Esther Bradford; and, upon this evidence, the jury were instructed, that if they doubted whether the true name of the woman was Esther Bradford, they might find the defendant guilty on the second count, if the other necessary facts were proved.

The jury found the defendant not guilty on the first count, and guilty on the second; and he thereupon alleged exceptions to the instruction above stated. He also moved in arrest of judgment, on the ground, that there was no sufficient description, in the second count, of the person with whom the offence was therein alleged to have been committed; and that it was not sufficient to charge, that the name of such person was unknown. This motion was overruled, and the defendant excepted.

*O. P. Lord*, for the defendant, referred to *Rex* v. *Robinson;* 1 Holt's N. P. *595;* Roscoe, C. E. *585;* 2 East. P. C. 651.

*A. Huntington*, district attorney, for the commonwealth.

SHAW, C. J. The instruction of the court, to which exception was taken, appears to us to be correct, as we understand the direction. It was intended, we suppose, to say, that if the evidence was insufficient to establish the fact affirmatively, to the satisfaction of their minds, that the woman's name was Esther Bradford, they could not so find that fact; and as there was no other evidence tending to prove what her name was, the jury would be warranted in finding, that if the act was done at all, it was with a woman, whose name, not being proved, was not known to them by any legal and sufficient evidence, and was therefore unknown.

The motion in arrest of judgment is founded on the objection, that there is no sufficient description, in the second count, of the person with whom the offence was committed, and that it is not sufficient to charge, that it was with a person whose name was unknown.

We can perceive no ground for this objection. If the person was known, but the name unknown, we see not how it could be otherwise charged with truth. But further, the indictment states her to be a person whose name is unknown, but a person other than the defendant's wife. When goods are alleged to be the property of persons unknown, and the averment and proof of that fact may affect the rights of the crown, or of third persons, it may be more material, as in the case cited from Holt; but there it was a question of proof, and not of pleading.

As adultery may be committed by a married man with a single woman, (*Commonwealth* v. *Call*, 21 Pick. 509,) it is not necessary to state the name of the woman, with any view to showing that she was a married woman. It is then quite obvious, that the crime may be committed, and can be testified to by persons who know, and have the means of knowing, that the woman is not the wife of the accused. The witnesses may be the neighbors of the accused, who know him well, and who know the wife well, and the criminal act may be committed under such circumstances, that they may see and know the countenance of the woman, and can testify that she was not the wife of the accused. This may occur at a tavern or other place, where the parties casually meet, and from whence they immediately separate, so that the witnesses cannot learn the name of the woman. It seems, that an indictment, in such case, alleging the facts which constitute the offence, with as much certainty as the case admits of, is sufficient.