STATE OF MISSOURI, Appellant, *vs.* R. B. GRISWOLD, Respondent.

1. *Statute, construction of—Bigamy—Apprehension—Indictment—Allegation—Jurisdiction.*—When a Court acquires jurisdiction in an indictment for bigamy only by virtue of the arrest of the prisoner within the limits of its jurisdiction, [W. S., 499, ⸹ 4,] the indictment must allege the apprehension of the prisoner within the limits of said jurisdiction prior to the finding of the indictment.

## *Appeal from Greene Circuit Court.*

*H. Clay Ewing, Attorney General*, for Appellant.

I. If it be necessary in a case like this to charge in the indictment the county where the offender was apprehended, it would be impossible to indict any one until he should have been first arrested for the offense.

*O'Day, Ellis & Cravens*, for Respondent.

I. The defendant must have been in custody in Greene county at the time of the finding of the indictment, and the indictment is fatally defective in not averring that fact. (1 Rus. Cr., 189 ; 2 Bish. Cr. Pr., §§ 880, 882 ; 1 *Id.*, § 78 (note 4) ; 2 Arch. Cr. Pr., and Pl., 1025 (note) ; Whart. Pr. Indict. 985 and note.)

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted by the Grand Jury of Greene county for the crime of bigamy.

The indictment charges, that defendant in October, 1863, in the State of New Jersey, married one Matilda Cosgrove, and that he afterwards left her and went to Wisconsin, where in March, 1870, his wife being still alive, he married Julia Harrington, and after he had married her, they both removed to the county of Laclede, in the State of Missouri, and there cohabited together.

Upon this indictment a *capias* issued, and the defendant was arrested on the same for the first time in Greene county. Upon being brought into court, the defendant moved to quash the indictment, because :

First—The indictment did not charge either of the mar-
riages to have taken place in this State, nor that the defendant
and Julia Harrington cohabited together in Greene county.

Second—That it was not charged, that the defendant had
been arrested, detained, or apprehended in Greene county;
and

Third—That it was not charged, that any crime had been
committed in Greene county, and that it did not appear that
the Greene Circuit Court had any jurisdiction of the case.

The motion was by the court sustained, and the State
appealed.

As to the first point the Statute provides, that persons com-
mitting bigamy in another State, and afterwards removing
and cohabiting in this State, may be punished in the same
manner as if the crime were originally committed here. (W.
S., 499, § 3.)

But the 4th Section of Article 8, respecting crimes and
punishments, says " that an indictment for bigamy, as defined
in the preceding sections, may be found, and proceedings,
trial, conviction, judgment and execution thereon had, in the
county in which such second or subsequent marriage or the
cohabitation shall have taken place, or the county in which
the offender may be apprehended."

As the indictment charged, the cohabitation was committed
in Laclede county, the Circuit Court of Greene county had
no jurisdiction unless it obtained it by the apprehension of
the defendant.

The Statute, in speaking of the county in which the offend-
er may be apprehended, means that he shall be apprehended,
or held in custody, prior to the finding of the indictment.
Our statute is copied mainly from an English statute on the
subject, and similar statutes exist in other States, and the
construction has been uniform, that there must be a previous
apprehension before indictment, and that fact must be alleged
in the indictment.

Archibald in his treatise on Criminal Pleading and Evi-
dence (10th Lond. Ed., p. 629), sets out the form of an

indictment, in which the direct averment of apprehension or custody is made, and then adds: "The averment of the prisoner's apprehension is only necessary where the second marriage did not take place in the county where the defendant is indicted; but in such case it has been held to be essential. (Rex vs. Fraser, 1 Moody, 407). So it was held also by a majority of the judges, that where the indictment is found in a different county from that in which the offense was committed, it must allege that the prisoner was in custody, at the time of the finding of the inquisition, in the county of the finding." (Reg. vs. Whiley, 2 Moody, 186.) See also as to the indictment, Whart. Pr., 2 Ed., p. 985, et seq; Train & Heard Pr., 439, et seq; 2 Bish. Cr. Pr., §§ 880-81-82.

The offense charged was committed in Laclede county, and the only way in which the court in Greene county could obtain jurisdiction over the person of the defendant, was by his being apprehended and held previous to the time of finding the indictment.

The judgment must be affirmed. The other Judges concur.