# Brewer *v.* The State.

## *Bigamy.*

1. *Two crimes are punishable under section 4185 of the Code.*—Section 4185 of the Code declares two offences of different elements, but of the same general character, and punishable in the same manner.

2. *Bigamy can be prosecuted only in the county where the marriage was solemnized.*—One of these offences (bigamy) can be prosecuted and punished only in the county in which the unlawful marriage was solemnized; the other is complete and punishable in any county in which the parties "continue to cohabit" after the unlawful marriage.

3. *An acquittal of the former crime does not prevent an indictment for the latter.*—An acquittal of the former of these crimes is no bar to an indictment for the other.

4. *Oral proof of the marriage is admissible.*—Under an indictment for either of the offences declared in section 4185 of the Code, oral proof of the marriage is admissible.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. WILLIAM S. MUDD.
The facts are stated in the opinion.

[Brewer v. The State.]

JOHN J. JOLLY, and PHELAN & CLARKSON, for appellant.

JOHN W. A. SANFORD, Attorney-General, *contra*.

STONE, J.—The appellant was indicted in Jefferson Circuit Court. The indictment, found by a grand jury of that county, contained a single count, and charged that, " before the finding of this indictment, William Brewer, having a wife then living, unlawfully married one Josephine Garner." On the trial under the first indictment, testimony was introduced for the State, which showed that the marriage with Josephine Garner was solemnized in Bibb county. Thereupon, the court made the following order: " There being a variance between the allegations in the indictment and the proof, in this, that the indictment charges that the defendant having a former wife then living, married Josephine Garner; and the proof shows that the marriage with Josephine Garner was had in Bibb county, Alabama; and that defendant removed into this county with Josephine Garner, and has continued to cohabit with said Garner in this county; and defendant refuses to consent to an amendment of the indictment—the prosecution is dismissed before the jury retired, and another indictment is ordered to be preferred."

The grand jury of Jefferson county thereupon returned another indictment into court, containing two counts; the first charging that " William Brewer, having a wife then living, unlawfully married one Josephine Garner—and having so unlawfully married the said Josephine Garner, continued to cohabit with her in the said county of Jefferson and State of Alabama." The second count charged that said " William Brewer, having a former wife then living, and having unlawfully married one Josephine Garner, continued to cohabit with her in said county of Jefferson and State of Alabama." To this second indictment so found by the grand jury, the defendant pleaded the proceedings had under the first indictment, above set out, as a former acquittal of the offence charged in the second. The plea is to both counts, and sets out the proceedings *in extenso*. A demurrer was interposed to this plea, which the court sustained.

Both the original and amended indictments are framed under section 4185 of the Code of 1876. In neither of them is any averment of the county in which the alleged unlawful marriage took place. Such averment is not necessary, but on the trial it must be proved that the offence was committed in the county in which the indictment is preferred.—Code of

[Brewer v. The State.]

1876, § 4787. Under the first indictment no conviction could have been had, for the marriage took place in one county, and the indictment was found in another. But section 4185 of the Code, *supra*, declares two offences of very different constituent elements, although of the same general character, and punishable in the same manner. One of the offences can be prosecuted and punished only in the county in which the unlawful marriage is solemnized. In the other, no matter where the marriage takes place, if bigamous, the offence is complete if the parties thus unlawfully married "continue to cohabit" in the county in which the indictment is found. The first indictment charges one of these offences, of which the defendant was clearly not guilty under the proof. The second indictment charges a different offence; and if there had been a verdict of acquittal under the first indictment, this would have been no bar to a prosecution under the second. It follows, that we need not inquire whether the Circuit Court rightly allowed this case to be taken from the jury, and a new indictment to be preferred. Whether right or wrong, it could not have done the defendant any injury.—Code of 1876, § 4817; *White v. The State*, 49 Ala. 344; *Beggs v. State*, 55 Ala. 108.

The plea was to the whole indictment. The second count of the new indictment describes an offence entirely different from that set forth in the first indictment.

Each of the marriages is proved by persons who witnessed the ceremony, and the first, by the record of the license and marriage. The second marriage, and co-habitation, are proved by many witnesses, some of whom prove confessions of the defendant. There is no charge shown in the record which raises the question of the sufficiency of the proof. If there had been, it would not avail the defendant.—See *Langtry v. The State*, 30 Ala. 536; *Morgan v. The State*, 11 Ala. 289. All the objections and exceptions reserved, were to the introduction of evidence; and generally to the entire evidence given severally by the witnesses. None of it was illegal, even if it were conceded that more testimony was required to justify a conviction. No case can be found which holds that oral proof is not admissible on the question of marriage. Some of them go so far as to hold that confessions alone are not sufficient; but there is positive proof by eye-witnesses of each marriage in this case. There is nothing in this record which requires or permits us to consider the sufficiency of the evidence to support the conviction of the defendant.

There is no error in the record, and the judgment of the Circuit Court is affirmed.