THE STATE, *Appellant,* v. FITZGERALD.

1. **Bigamy**: JURISDICTION. An indictment for bigamy, when the unlawful marriage was contracted in this State, is cognizable only in the courts of the county where it was contracted, not where the parties may have afterward cohabited.

2. **Criminal Law**: APPREHENSION OF OFFENDER, AS GROUND OF JURISDICTION. Where the apprehension of an offender is made a ground of jurisdiction, the apprehension must have occurred prior to the finding of the indictment and must be alleged in the indictment.

*Appeal from Gasconade Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*D. H. McIntyre,* Attorney General, for the State.

*Parker, Clement & Neuenhahn* for respondent.

HOUGH, J.—The defendant was indicted in the county of Gasconade for the crime of bigamy, charged to have been committed by marrying one Jackson Hughes, who, it is averred, had at the time a lawful wife living. The unlawful marriage is charged to have been contracted in the county of Maries, and the defendant is also charged in the same count with having cohabited with the said Hughes in the county of Gasconade.

Cohabitation within this State, by persons unlawfully married, does not of itself constitute the commission of 1. BIGAMY: jurisdiction. the crime of bigamy in the county where such cohabitation takes place, unless the second unlawful marriage was contracted or solemnized without this State. Section 1535 of the Revised Statutes, is as follows: "Every person having a husband or wife living, who shall marry another person without this State, in any case where such marriage would be punishable if contracted or solemnized within this State, and shall afterward cohabit with such other person within this State, shall be adjudged guilty of bigamy, and punished in the same manner as if such second marriage had taken place within this State." This section can have no application to the defendant, for the additional reason, that she is charged to have been unmarried when she intermarried with Hughes. The allegation of cohabitation, therefore, charges no offense under the statute against bigamy.

The circuit court of Gasconade county had no jurisdiction to try the defendant for the crime charged by reason of the fact that she was apprehended in 2. CRIMINAL LAW: apprehension of offender, as ground of jurisdiction. that county. When the apprehension of the offender is made a ground of jurisdiction, under section 1536 of the Revised Statutes, such apprehension must have occurred prior to the finding of the indictment, and must be alleged in the indictment. *State v. Griswold*, 53 Mo. 181.

It is unnecessary to notice other objections to the indictment.

·The defendant having been indicted in a county other than that in which the crime charged is alleged to have been committed, the judgment of the circuit court sustaining the demurrer to the indictment will be affirmed. *Ex parte Slater*, 72 Mo. 102; *State v. Hiram Wells.** The other judges concur.

---

*Decided March 25th, 1881, but not furnished the reporter for publication.