PETITION OF FRANCIS C. WATSON FOR A WRIT OF HABEAS CORPUS.

In order to constitute an offence under Pub. Stat. R. I. cap. 244, § 1, which provides that "Every person who shall be convicted of being married to another, or of cohabiting with another as husband and wife, having at the time a former

husband or wife living, shall be imprisoned," etc., there must have been a second marriage; and an indictment for cohabiting with another as husband and wife, having at the time a husband or wife living, which fails to allege a second marriage, does not charge any offence under the statute.

PETITION for a writ of *habeas corpus.*

*January* 23, 1896. TILLINGHAST, J. This is *habeas corpus,* and is brought to determine whether the petitioner is lawfully imprisoned by virtue of a conviction and sentence in the Common Pleas Division. The indictment, on which the petitioner was tried and convicted; charges that Francis C. Watson, of Hopkinton, in the county of Washington, on the 9th day of October, 1870, at Sterling in the State of Connecticut, was lawfully married to Melinda Buddington and the said Melinda Buddington then and there had and took for his lawful wife, and that afterwards, and whilst he was so married to the said Melinda Buddington, then Melinda Watson by the marriage aforesaid, and whilst the said Melinda Watson was his lawful wife and living, on the 25th day of May in the year of our Lord one thousand eight hundred and ninety-three, and for a long space of time thereafter, to wit, for the space of twenty months, with force and arms, at Hopkinton aforesaid, in the county of Washington, feloniously and unlawfully did cohabit and continue to cohabit with one Mary A. Watson, *alias* Mary Watson, as husband and wife, and the said Melinda Watson not having continually remained without the limits of this State for the space of seven years together without the said Francis C. Watson knowing the said Melinda Watson to be living within that time, and the said Francis C. Watson never having been legally divorced from the said Melinda Watson, and the said Francis C. Watson not having been less than fourteen years of age, and the said Melinda Watson not having been less than twelve years of age at the time of their said marriage, against the form of the statute in such case made and provided and against the peace and dignity of the state.

Said indictment is based upon Pub. Stat. R. I. cap. 244, § 1, which provides as follows: "Every person who shall be convicted of being married to another, or of cohabiting with

another as husband and wife, having at the time a former husband or wife living, shall be imprisoned not exceeding five years nor less than one year or be fined not exceeding one thousand dollars : *Provided*, that this shall not extend to any person whose husband or wife shall be continually remaining without the limits of this state for the space of seven years together, the party being married after the expiration of said seven years, not knowing the other to be living within that time, nor to any person who shall be divorced at the time of such second marriage, nor to any person by reason of any former or prior marriage, made when the man was less than fourteen and the woman less than twelve years of age."

The first ground upon which the petitioner relies is that the indictment fails to charge any offense under said statute, because it does not allege the existence of a second marriage. We think it is clear that the point is well taken. The statute above quoted provides for the punishment of bigamy proper, and also for the punishment of the equally heinous offence of the bigamous cohabitation of persons not technically guilty of the crime of bigamy because of the fact that the second marriage was contracted either in some other county than that in which such bigamous cohabitation takes place and is sought to be punished, or in some other State. Pub. Stat. R. I. cap. 248, § 7.[1] But in order to constitute either of the offences named, it is clear that there must have been a second marriage, and hence it follows that such second marriage must be alleged in the indictment. The language of the statute is that "Every person who shall be convicted of being married to another, or of cohabiting with another as husband and wife, having at the time a former husband or wife living," &c. It will be observed that the phrase "having at the time a *former* husband or wife living" applies

---

[1] As follows :

SEC. 7. Every person who shall be accused of any offence shall be proceeded against in the county in which the offence shall have been committed and not elsewhere, except in cases in which special provision shall be made to the contrary.

equally to both offences. And it needs no argument to prove that there can be no such thing as a *former* husband or wife unless there is also a *latter*, or *second*, husband or wife. The proviso also applies equally to both offences. The language is : "*Provided*, that this shall not extend to any person whose husband or wife shall be continually remaining without the limits of this state for the space of seven years together, the party being *married* after the expiration of said seven years, not knowing the other to be living within that time, nor to any person who shall be divorced at the time of such *second* marriage, nor to any person by reason of any *former or prior marriage*, made when the man was less than fourteen and the woman less than twelve years of age." It is clearly to be seen, therefore, from the proviso, that neither of the offences aforesaid can be committed unless a second marriage has been contracted. The pleader himself, in framing the indictment before us, evidently recognized the fact that said proviso applies to the offence attempted to be charged, as he has negatived the exceptions contained in said proviso, or rather attempted to do so, by incorporating a part of said proviso therein. But he has emasculated it by omitting all reference both to the "*former*" and "*second*" marriage, referred to therein. If it is necessary to negative the exceptions contained in the proviso, it is necessary to do so substantially in the language of the statute, which has not been done in said indictment. Cases are not rare where a person who is married contracts a second marriage and then removes to a county or State other than that in which the second marriage was entered into, where the parties cohabit as husband and wife. Such cohabitation, however, does not constitute the crime of bigamy, as this crime can be committed only in the county and State where such second marriage is contracted. *State* v. *Palmer*, 18 Vt. 570 ; *State* v. *Cutshall*, 110 N. C. 538; *Walls* v. *State*, 32 Ark. 565; *Beggs* v. *State*, 55 Ala. 108 ; *State* v. *Sloan*, 55 Iowa, 217 ; 2 Bishop, Criminal Procedure, §§ 885, 886. But the parties being illegally married and subsequently living together in another county or State, are there, under statutes like ours, guilty of

bigamous cohabitation, which is evidently looked upon by the law-making power as practically equivalent to bigamy proper. The Massachusetts statute on this subject provides that " Whoever, having a former husband or wife living, marries another person, or continues to cohabit with such second husband or wife in this state, shall, except in the cases mentioned in the following section, be deemed guilty of polygamy," &c. The language there used in defining the offence is somewhat different from ours, and may be a little more explicit, but it comes to the same thing. Instead of saying "having a former husband or wife living," it puts it the other way about, and says, "continues to cohabit with such second husband or wife." But it is aimed at precisely the same offence as our statute aforesaid, and evidently means no more. See Commonwealth v. Putnam, 1 Pick. 136, as to what the indictment should charge. In Commonwealth v. Bradley, 2 Cush. 553, the defendant was convicted on an indictment, under the Massachusetts statute aforesaid, charging him with the offence of continuing to cohabit in that State with a second wife, having a former wife living. The indictment alleged that the defendant, on the 1st of July, 1836, was married in New Hampshire to Deborah Jane Evans ; that on the 9th of January, 1846, that marriage still subsisting, he was married in Connecticut to Sarah Jane M. Smith, and that he afterwards did cohabit and continue to cohabit with said Sarah Jane at Lynn, in Massachusetts, for a long space of time, to wit, for the space of six months, his said *former* wife being then living. The court held the indictment good, and said that "the offence, as defined by statute, consists in continuing to cohabit with a second wife or husband in this State." See also Commonwealth v. Godsoe, 105 Mass. 464 ; Commonwealth v. Richardson, 126 Mass. 34. Commonwealth v. Lucas, 158 Mass. 81, was a case where the defendant married a woman at Portland, in the State of Maine, having a *former* wife then living. The indictment charged him with cohabiting and continuing to cohabit with his second wife at Brockton, in Massachusetts, for a long space of time. Field, C. J., said : "This last allegation is

material, because the second marriage is alleged to have taken place in the State of Maine, and there would be no offence against the laws of this Commonwealth if the defendant had not cohabited with such 'second wife in this Commonwealth.' To continue 'to cohabit with such second husband or wife,' as the words are used in Pub. Sts. c. 207, § 4, must mean to continue to live or dwell together as husband and wife ordinarily do, but, according to the weight of authority, the words do not necessarily imply actual sexual intercourse." In Tennessee, the statute on this subject provides that "If any person being married shall marry another person, the former husband or wife then living, *or continue to cohabit* with such second husband or wife in this State, such person shall be imprisoned in the penitentiary not less than two nor more than twenty-one years." In *Finney* v. *The State*, 3 Head, (Tenn.) 544, the court, in construing the statute, said: "We think it clear that, by this section, 'to continue to cohabit with such second husband or wife, in this State,' is a distinct and complete offence, and as much cognizable in the county where it occurs, as the crime of bigamy is in the county where the second marriage took place. The offender could not be charged for the latter crime in any other county than that where it occurred; but as to the former, it may be in a different county, and must be located by the facts, as well as the other. They are two distinct offences. To make out the case for unlawful cohabitation, the offence of bigamy must be proved by establishing both the marriages, and that at the time of the second the former had not been dissolved by divorce, or death, either actual or presumed. This new offence was created to prevent the scandal and evil examples of permitting men and women to cohabit in any community of this State, upon an unlawful second marriage, when the first, as well as the last, or either, may have taken place in any other State or county." See also *Brewer* v. *The State*, 59 Ala. 101.

Statutes intended to define and punish the same offense have been enacted in many other of our sister States, and while the language thereof is more or less variant, both the

purport and purpose thereof are the same.   See, for example, Starr & Curtis's Anno. Stat. Ill. vol. 1, 762; Gen. Stat. Kansas, 1889, vol. 1, § 2364; Code of West Va., 1891, 3d ed., cap. 149, §§ 1, 2; Rev. Stat. Florida, (1882) 820; Howell's Anno. Stat. Mich. 1882, cap. 322, § 4; Gen. Stat. Conn. 1888, §§ 1523, 1524.

Of course we do not intend to be understood, by what we have herein said with reference to the offense of bigamy being limited to the county in which the second marriage takes place, that the guilty party cannot be indicted and punished in that county, although the bigamous cohabitation under such marriage takes place in another.   For, under Pub. Stat. R. I. cap. 248, § 9, the person against whom an indictment is found may be brought into the county where the offense was committed, for trial and punishment.   But the only offense under said statute for which a person who contracts a bigamous marriage can be indicted and punished in any county other than that where such marriage occurs, is that for bigamous cohabitation as aforesaid.   So that, where the guilty party has escaped or removed into another county than that in which the bigamous marriage took place, and there cohabits with another as husband and wife, the Attorney General can elect whether to bring an indictment for bigamy in the latter county or an indictment for bigamous cohabitation in the former.

As the conclusion to which we have thus arrived disposes of the indictment, it is unnecessary to consider the other point taken by the petitioner, namely, that relating to the amendment made by the Assistant Attorney General.

*As the indictment against the petitioner charges him with no offense, therefore, he must be discharged from imprisonment thereunder.*

*James E. Denison*, for petitioner.

*Edward C. Dubois*, Attorney General, contra.