### STATE v. A. A. RAY.

(Filed 24 November, 1909.)

1. **Bigamy—Jurisdiction—Interpretation of Statutes— Extra-Territorial Effect.**

   Revisal, sec. 3361, relating to the offense of bigamy cannot be given extra-territorial effect, and the words "or elsewhere" in the language of the statute, "whether the second marriage shall

STATE v. RAY.

have taken place in the State of North Carolina *or elsewhere*," are void.

2. **Same—Living Together—Instructions.**

One who has a wife·living here, leaves the State and marries again to a different woman in another State, returns here and lives with such other woman as man and wife, is not indictable or punishable under our statute relating to bigamy, Revisal, 3361, there being no express language of the statute making it a specific criminal offense for them to cohabit together within the State after a bigamous marriage elsewhere. And when the evidence tends only to establish such facts, the defendant is entitled to an instruction of not guilty if the jury believed the evidence.

3. **Same—Venue.**

The provisions of Revisal, sec. 3361, relating to the offense of bigamy and its punishment, "that any such offense may be dealt with, tried, determined and punished in the county where the offender shall be apprehended," etc., refers only to the venue of the crime defined in the first clause—*i. e.*, "such offense" being "the second marriage, the former husband and wife still living."

CLARK, C. J., dissenting *arguendo.*

APPEAL from *E. B. Jones, J.*, September Term, 1908, of ALAMANCE.

Indictment for bigamy. There was evidence on the part of the State to show that defendant intermarried with a former wife, E. T. Ray, in this State, in March, 1895, had two children born of the marriage, and that said E. T. Ray is still living; that defendant, later, to-wit, in August, 1902, having separated from his wife, E. T. Ray, married one Annie B. Lemonds, who is still living and a witness in the cause; that this second ceremony took place in Danville, Va., in August, 1902, and after it occurred the parties returned to this State and lived here together as man and wife nearly three years, when defendant left said Annie B. Lemonds.

There was evidence on the part of defendant tending to show that after the separation from the first wife, E. T. Ray, he had removed to Indiana, and there obtained a divorce, and that the second marriage took place after decree of divorce duly obtained, and when defendant had a right to marry again.

The State, in reply, offered evidence tending to show that the proceedings of divorce, and the decree obtained in same, were null and void: (1) for want of jurisdiction in the court; (2) by reason of fraud.

There was a verdict of guilty, and from judgment on the verdict defendant excepted and appealed.

*Attorney-General* for the State.

*Parker & Parker, W. P. Bynum, Jr.,* and *R. H. Hayes* for defendant.

HOKE, J. We do not refer to many of the interesting questions presented in defendant's case on appeal, for the reason that the Court is of opinion that in no aspect of the State's testimony can the defendant be convicted of the offense charged in the bill of indictment. The State does not contend or claim that such conviction can be upheld, except under our statute against bigamy (Revisal 1905, sec. 3361). On matters relevant to this inquiry, this section of our law provides as follows:

"3361. Bigamy.—If any person, being married, shall marry any other person, during the life of the former husband or wife, whether the second marriage shall have taken place in the State of North Carolina or elsewhere, every such offender, and every person counseling, aiding or abetting such offender, shall be guilty of felony and imprisoned in the State's Prison or county jail for any term not less than four months nor more than ten years; and any such offense may be dealt with, tried, determined and punished in the county where the offender shall be apprehended or be in custody, as if the offense had been actually committed in that county."

This has long been the law of this State controlling the matter, and appears in terms exactly similar in the Code of 1883, as section 988. Construing this section, in *State v. Cutshall,* 110 N. C., 538, *Justice Avery,* for the Court, in a forcible and learned opinion, decides that this statute, in so far as it undertakes to punish a defendant for a bigamous marriage, occuring beyond the borders of the State, is unconstitutional, and that, in the language of the statute defining the offense, "If any person, being married, shall marry another person, during the life of the former husband or wife, whether the second marriage shall have taken place in the State of North Carolina or elsewhere, etc., shall be guilty of a felony," the expression "or elsewhere" is void and of no effect. An examination of *Cutshall's case* will further disclose that it was there directly and necessarily held that the parties to a bigamous marriage, occurring without the State, could not be indicted and punished under the provisions of this statute, by reason of having thereafter returned to the State and lived together as husband and wife.

The case in question was determined on appeal by the State from an order quashing a bill of indictment for bigamy. The bill contained three counts: The first charged, in substance, a

bigamous marriage, occurring in the State of South Carolina. A second charged that, after such bigamous marriage in South Carolina, the parties came back to North Carolina and lived together as husband and wife. There was a third count in the bill, on which a *nolle prosequi* was entered in the lower court, and the contents are therefore immaterial.

The Supreme Court, as stated, held that no offense was charged in the first count, because our State law could not be given extra-territorial effect; and that none was charged in the second count, because the statute contained no such provision. *Justice Avery,* speaking to this last question, said: "The additional count, in which it was charged that the defendant, after the bigamous marriage in South Carolina, came into North Carolina and cohabited with the person to whom he was married, cannot be sustained, because the offense is not covered by the statute." And a perusal of the law gives clear indication that the Court has correctly construed it in *Cutshall's case.* The only offense created and defined by this section of the statute is the "second marriage, while a former husband or wife is still living." This is declared to be felony, and it is the only act made criminal by the law, for it is perfectly plain that the subsequent words of the statute, "and any such offense shall be dealt with, tried, determined and punished in the county where the offender shall be apprehended or be in custody," refers only to the *venue* of the crime defined in the first clause, "such offense" being, as stated, "the second marriage, the former husband and wife still living." Coming back into the State after a bigamous marriage elsewhere, and a living together by the parties as husband and wife, might and ordinarily would constitute the crime of fornication and adultery. · *State v. Cutshall,* 109 N. C., 764. But there is nothing in this statute which makes such conduct a felony, or which deals or attempts to deal with it one way or another; and the expression, "or elsewhere"—that is, a bigamous marriage beyond the borders of the State—having been declared of no effect by the courts, because contrary to the law of the land, there is nothing in the statute which applies to the conduct of the defendant, and he is entitled to go, quit of any further molestation by reason of any indictment predicated and necessarily dependent upon it.

There are decisions in many of the States, and by courts of recognized authority, sustaining convictions by reason of conduct similar to that imputable to defendant on this evidence, or upholding statutes condemning it. *Brewer v. State,* 59 Ala., 101; *Commonwealth v. Thompson,* 56 Mass., 551; *State v. Fitz-*

*gerald,* 75 Mo., 571; *State v. Palmer,* 18 Vt., 570.  But in the cases cited, and all others of like import, so far as we have examined, the statutes, in express terms, made the "cohabiting together within the State, after a bigamous marriage elsewhere," a specific criminal offense.  Thus, in the Missouri statute (*State v. Fitzgerald, supra*), the language is, "Every person having a husband or wife living, who shall marry another person without this State, in any case where such marriage would be punishable if contracted or solemnized in this State, and shall thereafter cohabit with such other person within this State, shall be adjudged guilty of bigamy," etc.

As now advised, and speaking for himself, the writer sees no reason why a State could not declare the coming into the State and cohabiting together here by the parties, after a bigamous marriage in another State, a felony, and punish it as such; but the question is not presented, for the Court is clearly of opinion that our statute contains no such provision, and the prosecution of the defendant, therefore, for the offense charged, on the evidence as it now appears, cannot be sustained.

The Court is not inadvertent to the case of *State v. Long,* 143 N. C., 670, which upholds the contrary view, but, after a careful consideration, we are of opinion that, on authority and for the reasons stated, the case referred to is not well decided; and, on the facts presented, the defendant was entitled to the instruction prayed for by him, that if the jury believed the evidence they would render a verdict of not guilty.

For the error indicated, there will be a new trial, and it is so ordered.

New trial.

CLARK, C. J., dissenting: The Supreme Court of the United States has held that no court should assume to declare a statute unconstitutional unless it was clearly so, "beyond all reasonable doubt." *Ogden v. Sanders,* 12 Wheaton, 213.  This Court so held in *Sutton v. Phillips,* 116 N. C., 504; *State v. Lytle,* 138 N. C., 741; *Daniels v. Homer,* 139 N. C., 228, and in other cases.  Cooley Cons. Lim. (7 Ed.), 254, states this as the accepted doctrine, and cites numerous authorities.  Certainly we would not hold that a co-ordinate department had either ignorantly or intentionally violated the Constitution, which they had sworn to observe, unless it was clear to us beyond a reasonable doubt.  Inasmuch as this Court, in a recent and unanimous opinion (*State v. Long,* 143 N. C., 673), upheld this statute, we at least cannot think there is no reasonable doubt about it.

Nor should a court hold an act unconstitutional unless it can point to the provision of the Constitution which the Legislature has violated. This cannot be done in this case.

Neither should a court put a meaning on the statute, which meaning the court may deem will make it unconstitutional, when there is a just and reasonable construction which renders it constitutional. This construction we put upon this statute in *State v. Long, supra,* when we held that the Legislature had power to provide what should constitute bigamy (which was unknown at common law), and that in this section the Legislature had made the crime of bigamy consist, not in the second marriage, but in the living together in this State as a man and wife under color of such second ceremony. Without that ceremony, it would be fornication and adultery. With such fraudulent ceremony, wherever it took place, such living together here is bigamy.

In *State v. Cutshall,* 110 N. C., 548, and 552, *Avery, J.,* speaking for the majority, conceded that if this construction was the meaning of the act, it was valid. *Merrimon, C. J.,* contended that this was the true construction. He said (p. 553) : "This enactment is not very aptly, precisely or clearly expressed, and hence its validity is seriously questioned. But it must receive such reasonable interpretation as will render it intelligible, operative and effectual, if this can be done consistent with the Constitution. It does not necessarily imply or intend that the offender shall be indictable and convicted in this State for the offense of bigamy in another State; such is not its meaning. It intends that whoever shall be in this State, being married to two living wives or two living husbands, as the case may be (except in the cases excepted to in the proviso to the statute), shall be guilty of felony, and that without regard to whether the second marriage took place in this State or elsewhere." Further, he says (p. 554) : "It makes the bigamist here answerable, because he is so living here, an offense to and an offender against this State and society here. The fact of bigamy—having two living wives or two living husbands—and the presence of the offender (living in second marriage) in this State constitute the offense. . . . The statute does not treat the second marriage as the offense, nor the *offense* as committed elsewhere than in the State."

Again, on p. 557 (110 N. C.), *Chief Justice Merrimon* says: "The statute does not make the second marriage the offense; it simply treats this as a fact to be taken in connection with others, all constituting the offense in this State. The offense is wholly statutory in its nature, and must be so treated." This view must

be correct, else society in this State is powerless to protect itself, if the bigamist, living here, has taken the trouble to have the ceremony of the second marriage performed in another State. We need not discuss the reference to indictment for fornication and adultery, except to say that if that is an adequate remedy, why have any statute against bigamy at all?

In *State v. Long,* 143 N. C., 673, this Court took *Judge Merrimon's* construction of the statute, which is identical with that in Bouvier's Law Dictionary, as the one intended by the Legislature—as it doubtless was—and applied *Judge Avery's* concession, that if this were its meaning the statute was valid. This effectuated the intent of the Legislature, avoided holding their action violative of the Constitution, protected society and convicted a guilty man. Why disturb this result? For whose benefit? No innocent man can suffer by letting the law stand as we held it to be in *State v. Long.*