## STATE v. CLARENCE CLAIBORNE JONES.

(Filed 18 December, 1946.)

**1. Criminal Law § 79—**

Assignments of error not brought forward and discussed in appellant's brief are deemed abandoned. Rule of Practice in Supreme Court, No. 28.

**2. Bigamy § 4—**

In a prosecution upon an indictment charging defendant with aiding and abetting bigamy by entering into a marriage with a person then married and not divorced, evidence tending to show that the bigamous marriage was contracted in another state ousts the jurisdiction of our courts and requires dismissal, G. S., 14-183. Since the indictment specifically charged the commission of the crime by contracting the bigamous marriage, evidence that defendant, with knowledge, took the prosecutrix from this State for the purpose of consummating the bigamous marriage, would be unavailing, even if it be conceded that this is evidence of aiding and abetting bigamy.

**3. Criminal Law § 12b—**

The courts of this State have no jurisdiction over an offense committed in another, and when the evidence, whether for the State or the defendant, shows that the offense was committed out of this State, jurisdiction is ousted.

**4. Criminal Law §§ 12a, 83—**

The Supreme Court on appeal will take notice of want of jurisdiction and dismiss the action *ex mero motu*.

**5. Indictment § 24—**

The indictment controls the prosecution, and evidence not supported by the indictment is unavailing.

APPEAL by defendant from *Hamilton, Special Judge*, at April (A) Term, 1946, of DURHAM.

Criminal prosecution on bill of indictment charging that defendant did aid and abet one Joyce Britt Luty in the commission of the crime of bigamy.

On 2 December, 1945, the defendant, at the request of the prosecutrix, Joyce Britt Luty, took her, E. C. Rice, and Maggie Mae Poole to Ches-

terfield County, S. C., so that Rice and Mrs. Poole could get married. Defendant and prosecutrix were married at the same time and by the same magistrate. They returned to North Carolina and lived together a few days, after which prosecutrix left defendant. Thereupon he had her indicted for larceny and she, in turn, had him arrested on this charge.

There was evidence tending to show that prosecutrix was married to one Luty and had not been divorced and that defendant was aware of her marital status at the time they entered into the contract of marriage in South Carolina. Evidence also tends to show that at the time they left Durham for South Carolina defendant and prosecutrix had not agreed to get married. There is some evidence they reached this agreement when in Sanford and some to the effect they did not so agree until after they reached South Carolina.

There was a verdict of guilty. The court pronounced judgment and defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*J. M. Templeton and W. T. Hatch for defendant, appellant.*

BARNHILL, J. In the court below counsel for defendant duly excepted to the refusal of the court to dismiss the action as in case of nonsuit. In the case on appeal these exceptions are the basis of an assignment of error. However, counsel employed to prosecute the appeal to this Court inadvertently failed to bring them forward or discuss them in their brief. They are deemed to be abandoned. (Rule 28.) Even so, they direct our attention to a fatal defect in the jurisdiction of the court below, of which we must take notice. *Shepard v. Leonard,* 223 N. C., 110, 25 S. E. (2d), 445.

Bigamy as defined by G. S., 14-183, is committed when the second marriage is contracted. *S. v. Ray,* 151 N. C., 710, 66 S. E., 204. Cohabitation is not an essential element of the crime. *Cleveland v. State,* 271 Pac., 863.

Thus in *S. v. Ray, supra,* this Court held that one who contracts a bigamous marriage in another State is not subject to indictment and punishment for bigamy in this State even though, after the bigamous marriage, the parties cohabit in this State.

Following the decision in the *Ray case* the Legislature amended the statute, adding the provision: "If any person being married shall contract a marriage with any other person outside of this State, which marriage would be punishable as bigamous if contracted within this State, and shall thereafter cohabit with such person in this State, he shall be guilty of a felony and shall be punished as in cases of bigamy." Chap. 26, P. L. 1913. But this amendment creates a new and separate

offense commonly known as bigamous cohabitation. *S. v. Moon,* 178 N. C., 715, 100 S. E., 614; *S. v. Herron,* 175 N. C., 754, 94 S. E., 698.

The charge against the defendant is specific. It is alleged in the bill of indictment that he "did . . . aid and abet in bigamy by entering into wedlock with one Joyce Britt Luty . . ." The bigamous marriage was solemnized in South Carolina. Hence the act of defendant in becoming a party to that contract, as charged in the bill, was likewise committed in that State. The State of South Carolina was the sovereign whose authority was flouted when the bigamous marriage was celebrated. The courts of this State have no jurisdiction to impose punishment therefor.

"When it appears, whether in the evidence for the State or defendant, that the offense was committed out of the State, jurisdiction is ousted." *S. v. Long,* 143 N. C., 671; *S. v. Buchanan,* 130 N. C., 660; *S. v. Lea,* 203 N. C., 13 (25), 164 S. E., 737.

This Court will take notice of a want of jurisdiction and dismiss the action *ex mero motu. Shepard v. Leonard, supra; S. v. Miller,* 225 N. C., 213.

There is some evidence that defendant took the prosecutrix from this State to South Carolina for the purpose of consummating the bigamous marriage, knowing at the time she then had a living husband. Conceding, *arguendo* only, that this constitutes some evidence of aiding and abetting bigamy, it cannot save the case from dismissal. The one specific charge in the bill is that he aided and abetted in bigamy by becoming a party to the bigamous marriage. This act was committed in South Carolina. As he is indicted, so must he be tried. *S. v. Peterson,* 226 N. C., 255; *S. v. McNeill,* 225 N. C., 560; *S. v. Law, post,* 103.

The solicitor, if he deems it advisable, may send a bill charging bigamous cohabitation.

The judgment below must be vacated and the defendant discharged.

Reversed.