## STATE v. KENNETH PORTER.

(Filed 2 December, 1953.)

**1. Criminal Law § 79—**

Exceptive assignments of error not discussed in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Assault §§ 9a, 14b—**

Where the evidence is to the effect that defendant entered upon the premises of prosecutrix in a drunken condition, refused on demand to leave, and used language calculated to provoke an assault, defendant may not rely upon the plea of self-defense even though prosecutrix struck the first blow; there being no evidence he quitted the combat or retreated, and therefore the court is not required to instruct the jury on this defense.

**3. Criminal Law § 81c (2)—**

When the charge, construed contextually, is without error, an exception thereto cannot be sustained.

APPEAL by defendant from *Whitmire, Special J.,* 31 August 1953 Term, MECKLENBURG. No error.

Criminal prosecution heard on appeal under a warrant which charges that defendant, a male person over eighteen years of age, did unlawfully assault one Rosa Wilkes, a female.

Rosa Wilkes occupies Apartment 1 in a building located on East First Street in Charlotte. On 18 July 1953, about 8 :00 p.m., defendant, while under the influence of intoxicating liquor, walked up on her porch and took a seat. He began to curse and call her vile names. She repeatedly asked him not to curse in the presence of her little girl (nine years old) and to leave her premises. He consistently refused to leave, and said,

"I'm not going no damn where," and grabbed the little girl by the hair and snatched it to the extent that she screamed. Rosa Wilkes then said she would go call "the law." He then "whipped off the porch and stood at the corner." When she started to call officers, he grabbed her with his left hand and struck her with .his right fist. A general affray resulted. "We fought and fought until the police came."

Rosa Wilkes testified: "He hit me with his fist and he kind of addled me. He hit me here and that's the time I started fighting and fending for myself. We fought and fought" until an officer arrived.

The defendant admitted that he had been drinking and that he went on the porch of the apartment occupied by the prosecutrix. He testified he went to pay for some whiskey he bought during the week and to get some more; that he cursed and she asked him not to curse any more; that she had a Nehi bottle and she struck him with it; and that he did not strike her, but only held her to keep her from striking him again.

The jury returned a verdict of guilty. The court pronounced judgment on the verdict and defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Gerald F. White, Member of Staff, for the State.*
*Welling & Welling for defendant appellant.*

BARNHILL, J. Defendant assigns as error "the failure of the Judge to charge the jury in accordance with the provisions of G.S. 1-180 as amended by Chapter 107 of the General Sessions Laws of 1949; as shown by EXCEPTION 5." Exception 5 specifies (1) a failure to fully instruct the jury on the elements constituting a battery, (2) a failure to instruct the jury that in view of the dangerous and violent assault with a deadly weapon being made on him by the prosecutrix, the defendant had a right to defend himself, and (3) a failure to charge the law on the evidence offered by him on this aspect of his defense.

These are the only assignments of error discussed in the brief. The others are deemed to be abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 562; *Bank v. Snow,* 221 N.C. 14, 18 S.E. 2d 711; *Swinton v. Realty Co.,* 236 N.C. 723, 73 S.E. 2d 785; *S. v. Jones,* 227 N.C. 94, 40 S.E. 2d 700.

The exceptive assignments of error relied on by defendant are without substantial merit. We may concede that the prosecutrix struck the first blow as testified by defendant and his witnesses. Even so, on his own statement, he is not in position to rely on the plea of self-defense. He entered upon the premises of prosecutrix in a drunken condition, he refused on demand to leave, and he used language which was calculated to provoke an assault, and there is no evidence he quitted the combat or

retreated. *S. v. Crisp*, 170 N.C. 785, 87 S.E. 511, and cases cited; *S. v. Robinson*, 213 N.C. 273, 195 S.E. 824; *S. v. DeMai*, 227 N.C. 657, 44 S.E. 2d 218. Even then the court fully and accurately reviewed defendant's version of the occurrence and instructed the jury in effect that if they found the facts to be as testified by defendant and his witnesses, or if such testimony, when considered along with the other evidence, raised a reasonable doubt in their minds, they should return a verdict of not guilty. The court's charge on this aspect of the case was as favorable to defendant as he had any right to expect or demand.

The first clause in the court's definition of an assault and battery, standing alone, is erroneous. When, however, the charge as to what constitutes an assault and battery is considered contextually, it correctly defines the offense. *Vincent v. Woody, ante,* p. 118; *In re Humphrey,* 236 N.C. 142; *Macon v. Murray,* 236 N.C. 484.

Essentially, this case is a case of controverted facts. The jury heard the evidence and, upon the facts found therefrom, returned a verdict of guilty. No substantial error appears in the charge of the court, and the record fails to disclose sufficient cause for disturbing the verdict rendered. We must, therefore, sustain the trial.