Pearson C. J.
 

 To support the ruling of his Honor in the court below, it was necessary for the Attorney General to maintain the position that the decree of the Superior Court of the State of New York, by which the defendant Louisa was divorced from her former husband Argos Witle, can be treated by the courts of this State as a proceeding void and of no effect not only so far as the rights and liabilities of the said Louisa and Argos Witle are concerned but also as against the other defendant, Schlachter; because, in an indictment for fornication and adultery, both of the parties must be guilty, or the offence is not proved. In other words this court must decide that the decree of the Superior Court of the State of New York is a
 
 nullity,
 
 in order to support the judgment appealed from.
 

 Irby
 
 v.
 
 Wilson,
 
 1 Dev. & Bat. Eq., 568, is relied on by the Attorney General to maintain this position. The ruling in that case has been objected to, on the ground that, if the guilty party by a change of domicile can render personal service of process impossible, and there is no way by which personal service can be dispensed with, as by a return of
 
 “non est inventus”
 
 to the process followed by advertisement in the newspapers or otherwise, the effect would be to take from the party injured all means of redress.
 

 To this may be added another objection. Mrs. Jones
 
 alias
 
 Mrs. Irby was not by the action of the court considered as estopped, that is, as having “her mouth shut,” but was allowed to allege in the face of a solemn deed executed in due form of law, to-wit, ceremony of marriage, that she was guilty of a capital felony — bigamy, for which, according to the ruling in the case, she ought to have been hung.
 

 
 *523
 
 We are not however called upon to discuss the objections which have been made to that decision; for our case does not come within the application of the decision, supposing it to fix the law. The facts are different in several material particulars.
 

 In that case the first marriage was in the State of South Carolina, where
 
 by laio the marriage relation was
 
 indissoluble/ the divorce was in the State of Tennessee according to the laws of that State, and the case was decided in the State of North Carolina.
 

 In our case, the first marriage was in the State of New York, where by law the marriage relation
 
 may be dissolved by divorce
 
 and a ’decree of divorce may be declared although
 
 personal service of process
 
 be not made; after due advertisement a decree of divorce was duly rendered in the State of New York, in accordance with the laws of that State. The second marriage was duly solemnized in the State of New York. So instead of a marriage in one State, where divorce is not allowed, and a divorce in another State, and the second marriage called in question in a third State, we have a marriage, a divorce and a second marriage,
 
 all,
 
 effected in the
 
 same
 
 State, and, in conformity to the laws of
 
 that Stat e
 

 The concession made in the opinion delivered in
 
 Irby
 
 v.
 
 Wilson,
 
 covers our case, and relieves us from the necessity of making an issue. It is therein conceded that the divorce was valid in the State in which it was made; but it was ruled that the divorce was a nullity in every other State.
 

 Assume, as is done in
 
 Irby
 
 v.
 
 Wilson,
 
 that the divorce was. valid in the State of New York, it follows that the second marriage was valid in the State of New York, being solemnized in the manner required by the laws of that State, and it further follows, as it seems to us, that its validity cannot be drawn in question by the courts of any other State.
 

 When the case was called, the idea of trying the
 
 validity
 
 
 *524
 

 of a marriage
 
 upon an indictment for fornication and adultery, struck us as novel. We are not called on to decide the point, but we must be permitted to say that when there has been a marriage between the parties solemnized in the manner required by the laws of a sister State, we should be slow to allow it to be impeached in this collateral manner, for the result of the indictment establishes nothing. The marriage is not decreed to be of no force or effect; the parties are not relieved from the bonds of matrimony, or allowed to live separately as if divorced from bed and board; and, in regard to the status of the children, nothing is decided; and the -amount of it is, that the parties áre admonished by a fine of ten dollars each, to take such proceedings as may be necessary and proper to establish their marriage or else have it declared void by a decree of nullity of marriage.
 

 This proceeding will do very well when the marriage is a
 
 mere sham,
 
 and the parties are merely pretending to be “husband and wife,” to evade the law; but as soon as it appeared that there had been a marriage celebrated in due form of law and the parties had lived together as man and wife for several years and had two children — taking into consideration that a judgment against the parties would fix nothing, but would cause much uncertainty and anxiefy, and throw doubt upon the legitimacy of the children, we are inclined to think it would have been as well to enter a
 
 nolle prosequi
 
 and allow the validity of the marriage to be drawn in question by some more grave proceeding.
 

 Judgment reversed. This will be certified, &c.
 

 Per Coriam. Judgment reversed; New Trial.