JOHN S. MILLER v. JANE LEACH, Executrix of ANGUS LEACH.

*Action, survival of—Evidence—Judgment of another State—Limitations.*

1. By virtue of the Constitution of the United States, and Acts of Congress in pursuance thereof, the judgments of other States are put upon the same footing as domestic judgments. They are conclusive of all questions involved in them, except fraud in their procurement, and whether the parties were properly brought before the Court.

2. Where the record of a judgment of the Court of another State is sued upon in this State, it is not necessary to allege in the complaint, or to prove that it was warranted by the law of the State in which it was pronounced. The record is the highest and conclusive evidence of that fact.

3. All causes of action founded upon contract, debt or other duty, survive against the personal representative of the person chargeable therewith.

(*Davidson* v. *Sharpe*, 6 Ired., 14, cited and approved).

CIVIL ACTION tried, before *Boykin, Judge,* at February Term, 1886, of RICHMOND Superior Court.

A jury trial was waived, and by consent the Court found the the facts as follows:

The summons in this case issued on the 3d of December, 1881. Jane Leach qualified as Executrix of Angus Leach, who was a resident of and died in Richmond county. Jane Leach is a resident of Richmond county.

On the 8th of January, 1872, the plaintiff recovered judgment for $60, the amount of the debt, and for one hundred and thirty dollars costs, with interest on both sums from the 8th of January, 1872, against Angus Leach, in the Court of Common Pleas of Chesterfield county, in South Carolina; that this judgment has been duly certified by the proper authorities of South Carolina in the manner prescribed by law, and that such judgment was rendered according to law in the said State; that this action is instituted to enforce the collection of said judgment under the laws of North Carolina; that the plaintiff did not ex-

hibit or produce in evidence any statute or other law of the State of South Carolina, nor offer other evidence under which said judgment was rendered at the trial of this cause; that this action was commenced in the court of a Justice of the Peace of Rich-mond county, and the pleadings therein were oral; that the plaintiff complained that the testator of the defendant was in-debted to him upon the said judgment in the sum of $60, the amount of the debt, and $130 costs, with interest on both sums from the 8th of January, 1872, and that the defendant denied the judgment, and pleaded the statute of limitations in bar thereof.

Upon the foregoing findings of fact, the Court found the fol-lowing conclusions of law, to-wit: That the said judgment does not survive the defendant Angus Leach; that after his death its character as a judgment is *functus officio*, and that it cannot be enforced against his executor. And it was adjudged that the defendant go without day and recover his costs. The plaintiff excepted to the above ruling and appealed.

*Mr. James A. Lockhart*, for the plaintiff.

*Messrs. Platt D. Walker* and *Frank McNeill*, for the defend-ant.

ASHE, J. (after stating the facts). The only question presented by this appeal, is whether there was error in the judgment of the Superior Court, in holding that the judgment rendered in South Carolina does not survive the defendant therein, Angus Leach, and cannot be enforced against his executrix in this State.

The action is upon a judgment rendered by a Court of compe-tent jurisdiction in South Carolina. It is regularly authenti-cated under the Act of Congress; and by Article IV, §1, of the Constitution of the United States, it is declared that "full faith and credit shall be given in each State, to the public acts, records and judicial proceedings of every other State." By virtue of this provision of the Constitution, and the Act of 1790,

prescribing how records, etc., are to be authenticated, the judg-
ments of the several States are put upon the same footing with
domestic judgments, not for all purposes, but only to give a gen-
eral validity, faith and credit to them as evidence, so as to make
them conclusive, only so far as to preclude all inquiry into the
merits of the subject matter. *Mills* v. *Dunyear*, 7 Cranch., 481 ;
*McElmoyle* v. *Cohen*, 13 Pet., 312 ; but leaving the questions
of jurisdiction, fraud in the procurement, and whether the parties
were properly brought before the Court, open to objection, 1
Greenleaf on Ev., §548 ; Freeman on Judgments, §548 ; 2 Taylor
on Evidence, §1533 ; and it is held by the same author, §1534
" that the Courts of this country will so far presume that a for-
eign tribunal has acted within the limits of its authority, and
that its proceedings are regular, that if an action be brought
upon a foreign judgment, the plaintiff need not allege in his dec-
laration either that the foreign Court had jurisdiction over the
parties or the cause, or that the proceedings have been properly
conducted."   *   *   *   The only exception to this is when such
a judgment is pleaded by way of estoppel or justification."

The principle here laid down is fully sustained by this Court
in the case of *Davidson* v. *Sharpe*, 6 Ired., 14, where it is held,
that " when a judgment or decree in another State is produced in
evidence in one of our Courts, it is not necessary to show by any
extrinsic evidence, that the judgment or decree was warranted by
the law of the State in which it was pronounced. The judg-
ment or decree is the highest evidence of that fact." The same
doctrine is held in most of the States. 1 Am. Lead. Cas., p.
647, and authorities there cited.

As to the question of survivorship, it has been established
from the earliest history of the law, that as to all personal claims,
such as are founded upon any obligation, contract, debt or other
duty, upon which a testator might have been sued in his life-
time, the right of action survives his death, and is enforceable
against his executors. 2 Williams on Executors, §1557.

The action was not barred by the statute of limitations. The
Code, §152.

There is error, and this opinion must be certified to the Superior Court of Richmond county, that a *venire de novo* may be awarded.

Error.                                                          Reversed.