FLORENCE R. HARRIS v. CHARLES J. HARRIS.

*Habeas Corpus—Foreign Decree—Divorce, Validity of—Service by Publication—Custody of Child.*

1. A decree of divorce obtained by a wife, resident in another State, against the husband, domiciled in this State, without personal service of summons upon him, is a nullity in this State, both as to the relation of the parties and as to the custody of a child domiciled with its father at the time of the proceeding.

2. When, under an invalid decree of divorce rendered in favor of the wife in another State in which the custody of a child was awarded to the wife, it is sought by *habeas corpus* proceeding in this State to obtain the custody of the child domiciled with its father in this State, the proceeding will be regarded as one between husband and wife living in separation without being divorced (section 1661 of *The Code*). In such case the custody of the child rests in the sound discretion of the Judge, subject to review, on appeal, upon the facts found.

3. The Court will not award the custody of a child to a non-resident mother if it does not appear that the child desires to go to her, or that the husband is not a proper person to have it, or that the child will be benefited by the change.

This was a proceeding by writ of *habeas corpus* to obtain the custody of an infant child, a boy of nine and a half years of age, brought by its mother against its father, under a decree obtained in Colorado, dissolving the marriage and awarding the custody of the child to the wife, the husband being domiciled in this State and not appearing in person or by attorney in such action for divorce, and pretended ser-

vice being made on him by publication. The writ was returnable before SHUFORD, J., at chambers in Asheville, who awarded the custody of the child to the plaintiff, and the respondent husband appealed.

*Mr. J. H. Merrimon,* for plaintiff.

*Messrs. W. W. Jones* and *J. J. Hooker,* for defendant (appellant).

CLARK, J.: The decree of divorce obtained by the wife, resident in Colorado, against the husband, domiciled in this State, without personal service upon him, is a nullity in this State. *Irby* v. *Wilson,* 21 N. C., 568. At the most, it could only be valid in the State where it was granted. It can have no extra-territorial validity. *Davidson* v. *Sharpe,* 28 N. C., 14; *Schonwald* v. *Schonwald,* 55 N. C., 367; *Arrington* v. *Arrington,* 102 N. C., 491, reaffirm *Irby* v. *Wilson, supra,* though the divorce in the Arrington case was upheld because of the appearance of the defendant to the action. *State* v. *Schlachter,* 61 N. C., 520, merely holds that where a person divorced by a decree, valid in the State where granted, marries another by a marriage recognized as valid in such State, the validity of the latter marriage cannot be questioned by an indictment for fornication and adultery in this State on their removal here.

The decree obtained in Colorado upon constructive service by publication, and by sending summons through the mail to the defendant in this State, has no validity here (*Long* v. *Ins. Co.,* 114 N. C., 465, and *Wilson* v. *Seligman,* 144 U. S., 41), either as to the relation of the parties or as to the custody of the child, which at the time of the proceeding was domiciled with its father in North Carolina. This is, therefore, to be treated simply as a contest upon *habeas corpus* between husband and wife living in separation, without being divorced, as to the custody of the child under *The Code,* sec.

1661. This rests in the sound discretion of the Judge, subject, however, to review on appeal upon facts found as provided by *The Code*, sec. 1662. According to the findings of fact, the father is a suitable person to have the custody of the boy, nine and a half years old. It does not appear that the mother (who already has the only other child) is in any wise more suitable than the father. The father is domiciled in this State; the mother is a non-resident. Under these circumstances, unless more shall appear, the custody should remain with the father. The Court certainly would not, upon these facts, award the custody to a person out of the State. To award the custody alternately to the father and the non-resident mother would be to place the child out of the jurisdiction of the Court, so that it would be impossible to enforce so much of the decree as directs the return of the child to the father after the specified time. The bond might possibly secure the payment of damages, but not the return of the child. The Court, under special circumstances, may allow an infant ward to go out of its jurisdiction, but it will not abdicate its functions, and upon the state of facts here appearing take the child from a father of good character, who is taking every proper care of it, and place it out of the reach of its process and beyond its control. *Dawson* v. *Jay*, 3 DeG. Mac. & G , 764. Indeed, if both parties resided here the law would not take the child by the process of the Court from the custody of the father and award it to the mother, unless it appeared that the interest of the child required it. *Symington* v. *Symington*, 2 Sch. & D. App. L. R., 415; *People* v. *Humphries*, 24 Barb., 526. What the preferences of the child were is not found as a fact, though this has weight always with a Court in such cases according to the age and intelligence of the child. It does not appear in this case that the child desired to go to the mother, nor that its welfare would be promoted by such change of custody. The prayer of the petitioner should have been denied.

　　　　　　　　　　　　　　　　　　　Error.