## BIDWELL v. BIDWELL.

(Filed October 31, 1905).

*Divorce—Validity of Decree—Domicile—Jurisdiction—Action for Support—Estoppel—Consent Judgment.*

1.  In an action for divorce, where neither party has a domicile in the State of the forum, such court having no jurisdiction of the subject matter of the controversy, a decree of divorce is void, though both parties may have appeared and voluntarily submitted themselves to the jurisdiction of the court.

2.  Where an action for divorce is instituted and the decree obtained in the State of the plaintiff's domicile, and the defendant has been served with process within the jurisdiction of the forum, or has voluntarily appeared and answered, a decree in such case is valid both *in rem* and *in personam* and will bind and conclude the parties everywhere.

3.  In an action for support under section 1292 of The Code, a judgment of nonsuit was proper, where it appeared that the plaintiff, who was at that time domiciled in Massachusetts, brought a suit in that State to obtain an absolute divorce from the defendant, who appeared and answered and set up a decree of absolute divorce of a North Dakota court in bar of the plaintiff's demand, and that the Massachusetts court, after full hearing, dismissed the suit on the ground that the North Dakota decree was valid, and that the status of the parties was not that of husband and wife.

4.  Where the validity of a divorce had been established by a decree of a competent court, having full jurisdiction in the cause, the plaintiff is estopped from setting up defenses which have been or could have been passed upon and determined in that cause.

5.  Where the record discloses that a case was conducted throughout as an adversary proceeding, and judgment was entered after full and due inquiry into the facts, the decree is not a consent degree.

ACTION by Ella J. Bidwell against Geo. H. Bidwell, heard by *Judge Walter H. Neal* and a jury, at the February Term,

1905, of the Superior Court of WAKE County. From a judgment of nonsuit, the plaintiff appealed.

This was a civil action under section 1292 of The Code, to recover for support and maintenance of plaintiff and her minor child. Plaintiff alleged that plaintiff and defendant were man and wife; that defendant had unlawfully abandoned plaintiff, and failed to provide reasonable subsistence for plaintiff and her minor child, though fully able to do so.

Defendant answered, denying that he had wrongfully deserted plaintiff; charged the separation to plaintiff's own conduct, and further set up the record, proceedings and decrees of two courts—one in North Dakota, in which the present defendant was awarded an absolute divorce, and the second, a record and decree of Massachusetts in which the present plaintiff sued the present defendant for absolute divorce, and in which there was a decree that the divorce granted in the North Dakota court was valid and binding, and that plaintiff and defendant did not hold the relationship of man and wife, and set up these two records and decrees as an estoppel in bar of relief.

Plaintiff replied to the answer, and averred that the decree of divorce granted by the court in North Dakota was null and void, and should be so held, because at the time of the institution of said suit, and proceedings and decree therein, neither plaintiff nor defendant had any *bona fide* domicile in North Dakota, "but that defendant had gone to said State with no intent or purpose of becoming a resident, or acquiring a *bona fide* domicile therein, but with the sole purpose of obtaining, by fraud and secretly, a divorce from plaintiff." Further replying, plaintiff averred that the plaintiff was forced by stress of want and dire necessity, being penniless, friendless, homeless and in a strange land, either to accept such terms as the present defendant might dictate, or go hence in destitution for herself and infant child, and under and by virtue of

this hard duress from a necessity from which there was no escape, she took the money he agreed to give her.

There was evidence to the effect that the present plaintiff had appeared and answered in the suit in North Dakota; that the decree of divorce was entered after investigation had; and the plaintiff in this suit had been awarded and. paid $10,000 as a full and reasonable allowance for the care, education and maintenance of her minor child.

It further appeared that at the time of the institution of the suit in Massachusetts, by the present plaintiff, and pending the proceedings therein, the said plaintiff was a citizen, resident and domiciled in Massachusetts, and the defendant had appeared and answered to the libel filed in the cause.

The record of findings of fact and conclusions of law, in which the decree of absolute divorce was awarded in the North Dakota suit, are as follows:

1. That plaintiff now is, and at all times since more than ninety days preceding the commencement of this action, has been in good faith a resident of North Dakota, and that defendant is a resident of Springfield, Mass., but is now in this State.

2. That plaintiff is now about twenty-six years of age, and defendant is now about twenty-nine years of age.

3. That on December 9, 1890, plaintiff and defendant were married, and that said marriage has never been annulled or dissolved.

4. That there are two children, living issue of said marriage between plaintiff and defendant herein, to-wit: Mary Beulah, a girl four years of age, and Maud, a girl two years of age—the former of which is in the custody of the plaintiff, and the latter in the care and custody of the defendant.

5. That plaintiff and defendant lived together after their said marriage as husband and wife, until about the month of December, 1893, at which last mentioned time they separated and have lived separate and apart ever since.

6. That this is an action for divorce, and that this court has full jurisdiction of both the parties thereto, and of the subject matter of the action.

7. That defendant, as appears from the proofs herein, has been, and is, guilty of wilful desertion of the plaintiff, and that such desertion, as shown by the proofs herein, is cause for full and absolute divorce under the laws of this State.

8. That the true and best interests of the parties, and of the minor children of the parties, all require that the custody of said minor child, Mary Beulah, be awarded to and confirmed in the plaintiff; and the custody of said minor child, Maud, be awarded to and confirmed in the defendant.

9. That from the proofs as they appear herein, the sum of ten thousand dollars is a fair, reasonable and just sum to be paid by the plaintiff to the defendant for the support, care, custody, maintenance and education of said minor child, Maud, and that the decree herein should require plaintiff to pay said sum to defendant in that behalf. But, and the decree shall so provide, the payment of said ten thousand dollars shall be in full discharge of all obligations of the plaintiff to the defendant, including not only in behalf of said minor child Maud, but also in full discharge of all obligations from him to her, of or on account of alimony, support, money, rights of dower, if any, and any and all other obligations whatever, except there be reserved to the said defendant her right of dower, if any she have, in a certain farm in the State of North Carolina, called and known as the "Moore farm," near Franklin, in the County of Macon, in said State, formerly owned by plaintiff.

10. That justice to the parties require, and that the decree shall so provide, that each of the parties may visit the child in the care and custody of the other, at reasonable times and places: provided in that behalf, however, that when defendant desires to visit the said minor child, Mary Beulah, she shall not be required to do so at the home of the plaintiff's

parents or relatives, but may do so at the house of some dis-
interested friend, and with such child in the then temporary
custody of such disinterested friend or of the plaintiff.

Let judgment be entered herein in conformity with the
foregoing, by the clerk of the District Court, etc. (Signed by
W. S. Lauder, judge, etc., September 20, 1895).

And the proceeding and decree in the libel for divorce
entered in Massachusetts are as follows:

Respectfully libels and represents Ella J. Bidwell, of
Springfield, Mass., that she was lawfully married to Geo. H.
Bidwell, now of Culasaja, in North Carolina, at Walhalla,
in South Carolina, on the 9th day of December, 1890, and
thereafterwards your libellant and the said Geo. H. Bidwell,
lived together as husband and wife in this Commonwealth, to-
wit: at Chester, in said county, and that your libellant has
lived in this Commonwealth for five years last preceding the
filing of this libel; that your libellant has always been faith-
ful to her marriage vows and obligations, but the said Geo. H.
Bidwell, being wholly regardless of the same, at Culasaja, in
North Carolina, on Friday, the 1st day of December, 1893, or
thereabout, without just cause, wilfully and utterly deserted
your libellant, which desertion has continued for three consec-
utive years, next prior to the filing of this libel: Wherefore
your libellant prays that a divorce from the bonds of matri-
mony may be decreed between your libellant and the said Geo.
H. Bidwell, and that the care and custody of Maud Bidwell
and Beulah Bidwell, both minor children of said libellant and
libellee, be decreed to said libellant and such other relief as to
your Honors shall seem meet and as justice may require.
(Signed Ella J. Bidwell, February 4, 1902).

The foregoing libel was entered in the court on the 10th
day of February, 1902, when the libellant appeared by her
attorneys, Bates & Armington, and the libellee appeared by
his attorney, E. H. Lathrop; and on the back of said libel is
the following acceptance of service: "I accept service of this

precept, and appear for the libellee, reserving all rights."
(Signed E. H. Lathrop, attorney for libellee, February 10,
1902).

And on March 19, 1902, the libellee filed his answer as
follows: "The libellee denies each and every allegation in
the libel except said marriage, and that he neither denies
nor admits, but leaves the libellant to prove. If the libellant
shall prove said alleged marriage, the libellee alleges that he
was divorced from the libellant by the District Court of Cass
County, State of North Dakota, a court of competent juris-
diction, and having jurisdiction of the cause and both parties
thereto, prior to the beginning of this libel, to-wit: September
21, 1895, and which decree of divorce is in full force and
effect, and was at the time of bringing this libel. The libellee
further says that the libellant has brought two libels against
him, prior to this one, in which said divorce has been pleaded,
all of said proceedings being in this county, and of record
here; that last proceeding was filed in this county, April 12,
1897, and was dismissed January 6, 1902; that said libellee
therein pleaded said divorce granted to him as aforesaid in
North Dakota, and your libellee says that the issue in this
case has been adjudicated in this court, and the libellant is
barred from proceeding in this action thereby, and from
being granted divorce as prayed for. (Signed by E. H.
Lathrop, attorney for libellee).

On March 25 there was a full hearing of the evidence, and
on March 26 the following decree was filed in the case in
the Massachusetts court: "This case came on to be heard on
Tuesday, March 25, 1902, before *Mr. Justice Maynard,*
both parties appearing by their respective counsel (naming
them) ; now it appeared upon the hearing of said cause, that
prior to the bringing of this libel, to-wit: September 20, 1895.
the said libellee in the above entitled action, the said Geo. H.
Bidwell, was divorced from the said libellant, the said Ella J.
Bidwell, by the District Court, for the Third Judicial Dis-

BIDWELL v. BIDWELL.

trict of North Dakota, for a cause of divorce recognized in said North Dakota and in this Commonwealth, said District Court having had jurisdiction of both cause and parties, both parties appearing therein personally, and by counsel, and the libellee having filed an answer to said libel; and it further appeared that neither before nor since the filing of this libel was the said Geo. H. Bidwell an inhabitant of this Commonwealth: It is hereby decreed and determined that this libel is hereby dismissed, and that said decree of divorce, granted by said District Court of North Dakota, and pleaded herein, is a good and valid divorce in this Commonwealth, and that the parties are concluded thereby. We hereby assent to this decree." (Signed by counsel of both parties, and certified by the clerk of the court).

The jury having been empaneled and the above records presented, further proceedings were had as follows: "This cause coming on to be heard after the introduction of the exemplified copies of the records and decrees in the case of Geo. H. Bidwell against Ella Bidwell, rendered in the court of North Dakota, as alleged in the answer, and the records and decrees in the case of Ella J. Bidwell against Geo. H. Bidwell, rendered in the Superior Court of Hampden County, Massachusetts, the plaintiff offered testimony tending to prove that the defendant went to North Dakota, not intending to become a resident of that State, and testimony tending to prove the other matters alleged in the replication: Thereupon the court intimated to the counsel for plaintiff, that he would charge the jury that the plaintiff was estopped by the Massachusetts decree, notwithstanding the matters alleged in the replication touching the validity of the North Dakota decree, and in deference to that intimation the plaintiff submitted to a judgment of nonsuit, and appealed."

*Argo & Shaffer* and *Douglass & Simms* for the plaintiff.
*Busbee & Busbee* and *Shepherd & Shepherd* and *Jones & Johnston* for the defendant.

HOKE, J., after stating the case: On the facts presented for our consideration, the right of the plaintiff to the relief demanded, depends on whether the plaintiff and defendant are now husband and wife. *Skittletharpe v. Skittletharpe,* 130 N. C., 72. It will be noted that the plaintiff in her reply assails the validity of the North Dakota decree, first for lack of jurisdiction, and second, for that the same was obtained by fraud and duress. But no such impeaching allegations are made against the proceedings and decree of the court of Massachusetts. This being true, we are of opinion that the latter decree conclusively determines that the plaintiff and defendant are no longer husband and wife, and that the plaintiff has therefore no right to further support from the defendant.

It is accepted doctrine that so far as the subject matter of the controversy is concerned, actions for divorce deal with the status of the parties, and that jurisdiction in such actions is dependent upon the domicile of the parties at the time the decrees are rendered. Where neither party has a domicile in the State of the forum, such court having no jurisdiction of the subject matter of the controversy, a decree of divorce is void, though both parties may have appeared, and voluntarily submitted themselves to the jurisdiction of the court.

Where the plaintiff only is domiciled in the State of the forum, and has obtained a decree of divorce for a cause recognized as valid in such State, after constructive service of process on the defendant, according to the course and practice of the court, there has heretofore been diversity of opinion as to the extent and binding force of such a decree in other jurisdictions. North Carolina has heretofore held against the validity of such a decree by the courts of other States, as affecting the status of her own citizens. The better doctrine, however, now seems to be that where the domicile of the plaintiff has been acquired in good faith, and not in fraud or violation of some law of a former domicile, a divorce

of this kind should be recognized as binding everywhere—certainly within the jurisdiction of the United States or any one of them. *Atherton v. Atherton,* 181 U. S., 155; *Andrews v. Andrews,* 188 U. S., 14.

The case of *Atherton v. Atherton* does not establish the proposition here stated, on precisely similar facts to the case before us, or it would be controlling; but the general tenor of the decision would seem to favor this conclusion.

Where, however, the action is instituted and the decree obtained in the State of the plaintiff's domicile, and the defendant has been served with process within the jurisdiction of the forum, or has voluntarily appeared and answered, all the decisions are agreed that a decree in such case is valid both *in rem* and *in personam,* and will bind and conclude the parties everywhere. *Jones,v. Jones,* 108 N. Y., 415; *Arrington v. Arrington,* 102 N. C., 491. The proceedings and decree of the court of Massachusetts are of the latter character.

It is admitted or established that the plaintiff in that suit, as she is in this, was at the time, and still is, resident and domiciled in the State of Massachusetts. Her libel was for the purpose of obtaining an absolute divorce from the defendant. He appeared and answered, and set up the proceedings and decree of the North Dakota court in bar of the plaintiff's demand. The Massachusetts court, after full hearing, dismissed the libel on the ground that the North Dakota decree was valid, and that the status of the parties was not that of husband and wife.

There is no allegation or claim that the court which rendered this decree is without jurisdiction, or that the same was obtained by fraud. The investigation and decree necessarily passed upon and determined the very questions involved here. The court had jurisdiction both of the cause and the parties, and the conclusion is not open to further investigation.

' True, the case on appeal states that the plaintiff was ready to produce testimony that the defendant never had any domicile in North Dakota, and that such court was without jurisdiction, and that the decree of the Dakota court was obtained by fraud and duress. The answer is that the validity of the divorce has been established by a decree of a competent court, having full jurisdiction in the cause, where the very questions she now seeks to raise, had been, or could have been, passed upon and determined, and that the plaintiff is thereby estopped from further question concerning them. *Jenkins v. Johnston,* 57 N. C., 149; *Tuttle v. Harrill,* 85 N. C., 456; *McElwee v. Blackwell,* 101 N. C., 192; *Thurston v. Thurston,* 99 Mass., 39; *Hood v. Hood,* 110 Mass., 463; *Brady v. Brady,* 160 Mass., 258; *Cromwell v. County Sac.,* 94 U. S., 351.

It is suggested that the decree of the Massachusetts court is a consent decree, and for that reason is not binding or conclusive between the parties in actions of this character. The question, however, does not arise on this record, for we are clearly of opinion that this is not a decree by consent. The entire record discloses that the case was conducted throughout as an adversary proceeding, and judgment was entered after full and due inquiry into the facts. Our decision of the cause is in accord with the general equities of the case, as indicated by the course of events and the conduct and present status of the parties.

The plaintiff having appeared and answered, in the suit in North Dakota, receives $10,000 awarded her in that case for the care and custody of her minor child. After a delay of six and a half years, she institutes her own suit for divorce in Massachusetts, which is determined against her, and in which she is awarded         thousand dollars by way of allowance. Again, after considerable delay, in apparent acquiescence, she brings this suit, seeking further allowance for support. The defendant, in the meanwhile, in reliance on

the decrees of two courts—one of them certainly having full jurisdiction of both cause and parties—has married another woman, and had a child born to him by this marriage.

Apart from the estoppel by record on the principal question, there is strong authority for holding that the plaintiff is estopped by conduct *in pais* from asserting any further claim for pecuniary allowance against the defendant. *Nichols v. Nichols,* 25 N. J. Eq., 60; *Mohler v. Shank,* 93 Iowa, 273; *Bailey v. Bailey,* 44 Pa. St., 274. There should be an end to this litigation. The defendant may well invoke for his protection the maxim, *Nemo debet bis vexari pro una et eadem causa.*

We hold that there was no error in the ruling of the court below.

No Error.