## STATE v. JOHN R. HERRON.

(Filed 22 December, 1917.)

**1. Bigamy—Criminal Law—Defense—Divorce—Judgments—Constitutional Law—Residence—Fraud.**

Where a marriage has been contracted in this State and a party thereto who has married in another State, but resides and cohabits here, and thereafter is indicted under ch. 26, Laws of 1913, amending Revisal, sec. 3361, and offers in defense a divorce granted in the other jurisdiction, it is not in contravention of the "full faith and credit" clause of the Federal Constitution, and may be shown in the courts of our State that the residence required by the laws of such other State was not acquired in good faith, but in fraud, and that the decree therein was therefore void.

**2. Bigamy—Criminal Law—Defense—Divorce—Evidence—Trials—Questions for Jury.**

Proof of a divorce granted in another State, upon a trial for bigamy, in our own courts is only evidence which should be submitted to the jury under proper instructions.

**3. Bigamy—Criminal Law—Defense—Divorce—Residence—Instructions—Burden of Proof.**

Where a decree of divorce in another State is solely relied on as a defense on a trial for bigamy which is attacked by the State for insufficient residence in such other State, with supporting evidence, the defendant must satisfy the jury of the bona fide of his residence for the required time. but not beyond a reasonable doubt.

**4. Marriage—Divorce—Residence.**

Where the laws of another State require that a party seeking a divorce must show a residence of twelve months preceding the commencement of the suit, he may not obtain a bona fide domicile there by remaining a few days or weeks while spending practically all of his time in this State.

**5. Appeal and Error.**

Exception taken to three and a half pages of the record of the judge's charges is a "broadside attack" and will not be considered on appeal.

ALLEN, J., concurring.

APPEAL by defendant from *Lane, J.,* at July Term, 1917, of BUN-COMBE.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*
*J. W. Haynes and Mark W. Brown for defendant.*

CLARK, C. J.    The defendant was convicted for the violation of the following paragraph which was inserted as an amendment in Revisal, 3361, by chapter 26, Laws 1913: "If any person, being married, shall contract a marriage with any other person outside of this State, which marriage would be punishable as bigamous if contracted within this State, and shall thereafter cohabit with such person in this State, he shall be guilty of a felony and punishable as in cases of bigamy."

On the trial the defendant admitted that he was first married to Lizzie V. Hunsucker in this State, who is still living, and that he afterwards obtained a divorce in Georgia and was married to Stella Taylor. The court ruled that the admission in regard to the divorce was a matter of defense to be proven by the defendant. He then put in evidence the transcript of a record from the Superior Court of Georgia purporting to be the record of the divorce proceedings of John R. Herron v. Lizzie V. Herron, and also certain sections of the laws of Georgia in regard to divorce, and rested.

The State offered evidence that the defendant had never been a resident of Georgia, but had maintained his residence in this State; that he had married said Stella in Georgia and afterwards removed to this State, and they had lived as man and wife in Asheville. The defendant then offered depositions that he was a resident of Georgia for twelve months preceding the beginning of divorce proceedings, as required by the laws of that State.

Exceptions 1, 2, and 3 raise the question whether a decree of divorce can be attacked in a criminal action for bigamy in a State other than that in which the divorce was secured. In *Haddock v. Haddock,* 201 U. S., 882, after an exhaustive review of the law in the several States as to the faith and credit to be given to a decree of divorce in another State, *Chief Justice White* said: "The mere domicile within the State of one party to the marriage does not give the courts of that State jurisdiction to render a decree of divorce enforcible in all the States by virtue of the full faith and credit clause of the Federal Constitution against a nonresident who did not appear and was only constructively served with notice of the pendency of the action."

*Chief Justice White,* in classifying the States in respect to the degree of credit which they accord to decrees of divorce in other States, said

that he would classify North Carolina among the States "which decline, even upon principles of comity, to recognize and enforce as to their own citizens within their own borders decrees of divorce rendered in other States when the court rendering the same had jurisdiction over only one of the parties," but for a doubt derived from a suggestion in *Bidwell v. Bidwell,* 139 N. C., 402. An examination of that case does not show that North Carolina should be taken out of the class of States which decline to recognize the validity of a divorce rendered in a court which had jurisdiction over only one of the parties. In that case the decree was rendered in South Dakota where both parties appeared personally and by counsel.

In the *Bidwell case* our Court said: "Where neither party has a domicile in the State of the forum, such court having no jurisdiction of the subject-matter of the controversy, a decree of divorce is *void* though both parties may have appeared and voluntarily submitted themselves to the jurisdiction of the court."

The suggestion referred to by *Chief Justice White* as having created a doubt in his mind is the following paragraph in *Bidwell v. Bidwell:* "The better doctrine, however, now seems to be that where the domicile of the defendant *has been acquired in good faith,* and not in fraud or violation of some law of a former domicile, a divorce of this kind should be recognized as binding everywhere, certainly within the jurisdiction of the United States, or any one of them."

But that suggestion does not conflict with the contention of the State in this case that the domicile in Georgia set up by the defendant was not a *bona fide* domicile, but was obtained by fraud, and not acquired in good faith as the defendant's wife was only constructively served with process by publication. In the *Bidwell case* it is laid down that the domicile must have been acquired *"in good, faith and not in fraud or violation of some law of a former domicile."*

It necessarily follows, therefore, that when the defendant set up the defense of the divorce in Georgia, the State could allege and prove bad faith and fraud of the defendant in attempting to acquire a domicile in Georgia. In *Andrews v. Andrews,* 188 U. S., 14, it is said that a State may hold invalid "A decree of divorce procured by its own citizens, who while retaining their domicile in the prohibiting State have gone into another State to procure a divorce in fraud of the law of the domicile."

The defendant stresses the decision of *S. v. Schlacter,* 61 N. C., 520, which is not in point, for in that case the marriage was in New York, and in that State the divorce was obtained, and the second marriage was also in that State—that is, "the marriage, the divorce, and the second marriage were all effected in the same State and in conformity with the laws of that State," as stated in *S. v. Schlacter, supra.*

In this case the first marriage took place in this State. The attempted divorce and the second marriage occurred in the State of Georgia, and the parties thereafter lived together in this State in violation of the amendment to Revisal, 3361, above set out, so that the validity of the defense depends upon the *bona fide* of the alleged domicile in Georgia.

In *Harris v. Harris,* 115 N. C., 587, it is held: "A decree of divorce obtained by a wife, resident in another State, without personal service of summons upon the husband is a nullity in this State." To same effect in *Bell v. Bell,* 181 U. S., 175, which held that "The Court in Pennsylvania had no jurisdiction of the husband's suit for divorce, because neither party had a domicile in Pennsylvania, and the decree of divorce was entitled to no faith and credit in New York or in any other State." That decision is based upon the evidence that the domicile of the husband in Pennsylvania was not bona fide and could not be inquired into in a subsequent action.

In *Streitwolf v. Streitwolf,* 181 U. S., 179, it is said: "A judgment of divorce rendered in another State may be collaterally attacked by showing that the court was without jurisdiction either of the subject-matter of the suit or of the person of the defendant. Thus the validity of the decree may be overcome by proof that the parties were not domiciled within the territorial jurisdiction of the foreign court."

In *Haddock v. Haddock,* 201 U. S., 573, it is said: "It is elementary that where the full faith and credit clause of the Constitution is invoked to compel the enforcement in one State of a decree rendered in another, the question of the jurisdiction of the court by which the decree was rendered is open to inquiry. And if there was no jurisdiction either of the subject-matter or of the person of the defendant, the courts of another State are not required by virtue of the full faith and credit clause of the Constitution to enforce such decree."

The Court has held in *Arrington v. Arrington,* 127 N. C., 197: "In all cases where the defendant is not served with legal notice, and not present in person or by attorney, the original judgment in another State is a nullity."

And in *Miller v. Leach,* 95 N. C., 229: "By virtue of the Constitution of the United States and acts of Congress in pursuance thereof, the judgments of other States are put upon the same footing as domestic judgments. They are conclusive of all questions involved in them, except fraud in their procurement, and whether the parties were properly brought before the court."

14 Cyc., 816 states: "If a foreign divorce is void because the court was without jurisdiction of the subject-matter or of parties, the decree is given no effect whatever in the courts of another State," and cites to sustain the proposition *Thompson v. State,* 28 Ala., 12, which held that

a void divorce obtained in another State was no defense to a prosecution for subsequent adultery, and *Com. v. Bolich,* 18 Pa. Co. Ct., 401, which held that a foreign divorce is no defense to a prosecution for desertion.

When a divorce is set up as the sole defense to an indictment, as in this case, the invalidity of such defense is not a collateral matter, but a legitimate reply by the State directly impeaching the defense set up.

"The courts of one State cannot determine the status of the citizens of another State. To give validity to a decree of divorce therefore at least one of the parties must be a resident of the State of the forum. Otherwise the courts of that State have no jurisdiction, and the decree will not be given extra-territorial effect." 14 Cyc., 816.

In *Thompson v. Whitman,* 85 U. S., 457, it is held that the constitutional provision "does not prevent inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered. The record of a judgment rendered in another State may be contradicted as to the facts necessary to give the court jurisdiction, and if it be shown that such facts did not exist, the record will be a nullity notwithstanding it may recite that they did exist."

In this case the judgment does not so recite, and while the petition does state that the petitioner (the defendant herein) had been a citizen of Georgia for twelve months, it is not even verified by his oath. The jury find "that sufficient proof has been submitted to our consideration to authorize a total divorce," but this may have been erroneous conclusion of law or an erroneous finding of fact by the jury. Certainly it is not an estoppel upon the State in this proceeding to prove the invalidity of the decree by showing, as the jury in this case have found, that in fact the defendant in the divorce was not a bona fide citizen of Georgia, and therefore the divorce now set up is invalid as a defense.

Indeed, the defendant in his brief frankly says: "The Supreme Court of the United States has held that the full faith and credit clause does not apply to actions for divorce, and that the States alone have the right to determine what effect shall be given to the decrees of other States in this class of cases. *Atherton v. Atherton,* 181 U. S., 170; *Haddock v. Haddock,* 201 U. S., 604."

As to exceptions 4, 9, 11, and 13, the charge was proper, as otherwise a decree of divorce could have been alleged which was entirely fraudulent, and the jury, though knowing this, would have been compelled to accept it. The mere offering of a decree of divorce does not prove it was valid. The court properly submitted this to the jury under the instructions given.

It was not error for the court to charge that the defendant must prove "to the satisfaction of the jury, but not beyond a reasonable doubt," that he obtained a divorce after residence for the statutory period of twelve

months in Georgia. The defendant especially stresses the concluding paragraph of the charge as follows: "If a reasonable doubt remains in your mind as to the guilt of the defendant, or he has satisfied you in other words that he had obtained a *bona fide* divorce after he, had been a bona fide resident of that State for twelve months, why then you will return a verdict of not guilty."

The fact of the former marriage and of the cohabitation in this State under the second marriage both being admitted, the defendant was guilty unless he showed to the satisfaction of the jury that he had a valid divorce, as alleged. The court told the jury that "the burden is upon the defendant to prove to the satisfaction of the jury, not. beyond a reasonable doubt, but to the satisfaction of the jury, that he obtained such divorce while a resident of the State of Georgia for twelve months before bringing the suit there, provided the jury find that was the law of the State of Georgia at the time," and added further, at the conclusion, "if a reasonable doubt remains in your minds as to the guilt of the defendant," to "return a verdict of not guilty."

The first marriage and the second cohabitation with another woman during the lifetime of the first being admitted, the only way to raise a reasonable doubt in the minds of the jury is, as the court charged, for the defendant to prove "to the satisfaction of the jury, but not beyond a reasonable doubt," that the defendant had obtained a valid divorce— that is, he must satisfy the jury of such fact—otherwise he was guilty beyond a reasonable doubt.

Exceptions 6, 7, 8, and 12, in regard to domicile, cannot be sustained. The defendant could not leave this State, go to Georgia, remaining there a few days or weeks at a time, but spending practically all of his time in this State, and thereby obtain a *bona fide* domicile in Georgia.

Exception 8 is to 3½ pages of the printed charge relating to more than twenty separate and distinct subjects. This is a "broadside attack" upon the charge, and cannot be considered. *McKinnon v. Morrison,* 104 N. C., 354, and cases cited thereto in Anno. Ed.; *S. v. Cameron,* 166 N. C., 379; *S. v. Wade,* 169 N. C., 306.

The defendant further cites *S. v. Cutshall,* 110 N. C., 538, and *S. v. Ray,* 151 N. C., 710, as authority, but it was to change the statute in that respect so as to embrace cases of this kind that the amendment was made to Revisal, 3361, by ch. 26, Laws 1913. The undisputed evidence shows that the defendant and Stella Taylor, after the second marriage, did cohabit and live together as man and wife, which was in violation of the statute unless it was shown to the satisfaction of the jury, but not beyond a reasonable doubt, that the divorce set up as a defense was valid.

This case was here before upon appeal from the conviction of the defendant, *S. v. Herron,* 173 N. C., 801, and for a second time the defendant has been found guilty by the jury.

No error.

ALLEN, J., concurring: In divorce proceedings, the marriage relation is the thing in litigation, the *res,* and each State has exclusive jurisdiction over the marriage status of its citizens.

If the parties are not residents of the State where the decree is entered, the court has no jurisdiction of the subject-matter, and the decree is void notwithstanding the due service of process, and the question of jurisdiction may be inquired into in the courts of the State of the residence without doing violence to the full faith and credit clause of the Constitution. The question is discussed and the authorities collected in 9 R. C. L., 508, *et seq.,* and in the note to *Haddock v. Haddock* (201 U. S., 562), 5 Anno. Cases, 1.

A doubt is expressed in *S. v. Schlacter,* 61 N. C., 520, as to whether this inquiry may be made in a criminal prosecution, but the authorities in England and in this country hold that it can be done. *Rex v. Lolley,* R. & R. C. C., 237; *Rex v. Brinkley,* 14 Ont. L. R., 434; *Hood v. State,* 56 Ind., 263; *People v. Dawell,* 25 Mich., 247; *People v. Baker,* 76 N. Y., 78; *VanFossen v. State,* 37 Ohio St., 317; *S. v. Westmoreland,* 76 S. C., 145.

If the record in the divorce proceeding shows that the question of residence was passed on, or it is recited in the decree, the presumption is in favor of jurisdiction, and the burden is on the party attacking the decree to prove that the plaintiff was not a resident when it was granted; but if there is no recital and no finding and the record shows that the question of residence was not considered, the burden is on him who relies on the decree to prove residence, as otherwise it would not appear that the court had jurisdiction.

The record relied on by the defendant in this prosecution not only does not show that the question of residence was passed on, but the clear inference is that it was not considered. It is stated in the petition, which is not verified, that the petitioner has been a resident of Georgia for twelve months and the question of residence is not again referred to in the proceeding. No issue as to residence was submitted to the jury, nor is there any recital or adjudication in the decree, and on the contrary the language of the verdict and of the decree show that the cause for divorce was alone considered. I therefore think, in this condition of the record, and when it was admitted that the defendant married the first time in this State and had been a resident here, that there was no error in imposing the burden on the defendant to prove residence in Georgia.

Again, while there is a conflict of authority (see note 5, Anno. Cases, 28 and 29), North Carolina is in line with the courts holding that a decree for divorce rendered in another State on substituted process is invalid. *Irby v. Wilson,* 21 N. C., 568; *Harris v. Harris,* 115 N. C., 588.

The Court. says in the last case: "The decree of divorce obtained by the wife, resident in Colorado, against the husband, domiciled in this State, without personal service upon him is a nullity in this State. *Irby v. Wilson,* 21 N. C., 568."

The decision in *Bidwell v. Bidwell,* 139 N. C., 402, is not in conflict with the earlier decisions. In the *Bidwell case* the wife brought her action for support and maintenance, and the defendant, her husband, set up as a defense a decree of absolute divorce granted by the courts of North Dakota, and also a decree of the courts of Massachusetts, in an action instituted by the wife against the husband for divorce, in which the North Dakota decree was adjudged to be. valid. The wife appeared and answered in the North Dakota action and was awarded $10,000 for the care and custody of her minor child, and in the Massachusetts action both parties appeared, so that the question of the effect of a decree rendered upon substituted process could not be raised as to either action as the husband and wife appeared in both.

The expression in the opinion relied on by the defendant· is based on two decisions of the Supreme Court of the United States, which were either misunderstood or they have been since modified by the case of *Haddock v. Haddock.*