EDITH TYSON v. W. G. TYSON.

(Filed 21 May, 1941.)

**1. Divorce § 19: Courts § 11: Judgments § 31: Constitutional Law § 23—**

A decree of divorce entered in another state upon constructive service against a resident of this State, who makes no appearance and does not in any way participate in the proceedings, is invalid in this State, since the judgment of such other state, rendered without jurisdiction over the parties or the status, and without notice and an opportunity to be heard, can have no extraterritorial effect, and this conclusion does not violate the Full Faith and Credit Clause of the Federal Constitution.

**2. Constitutional Law § 15a—**

Notice and hearing are essential to due process of law under the Fourteenth Amendment of the Constitution of the United States.

APPEAL by defendant from *Olive, Special Judge,* at 17 February, 1941, Civil Term, of GUILFORD. No error.

The plaintiff brought an action against the defendant for alimony without divorce under C. S., 1667, alleging indignities to her person, desertion, and nonsupport, and asked, as incidental relief, an allowance for support and attorneys' fees *pendente lite,* and for the permanent custody of her ten-year-old child.

The defendant denied the main allegations of the complaint and set up, as a further defense, that a decree of absolute divorce had been granted him in a proceeding brought by him in a Florida court. The plaintiff replied, alleging that the Florida decree was obtained through fraud upon the jurisdiction of that court with respect to residential requirements, and was, therefore, void.

Upon the trial, plaintiff submitted evidence tending to establish the contentions in her pleadings and put in evidence a certified exemplified copy of the proceeding in the divorce suit brought by defendant Tyson in Duval County, Florida, including the affidavit for order of constructive service, showing that the defendant in that proceeding (plaintiff in this) was not a resident of the State of Florida. The certificate showed that service was made by publication in a newspaper published in Duval County, and by posting at the courthouse door.

Defendant introduced an exemplified copy of the final judgment or decree entered in the same proceeding, purporting to grant an absolute divorce.

TYSON *v.* TYSON.

The defendant, in apt time, moved for judgment as of nonsuit, which was refused, and defendant excepted. Issues were tendered by defendant and declined, and defendant excepted. Issues were submitted as to the fact of marriage, the separation, the indignities offered plaintiff, and fraud in procuring the Florida decree. Upon the third and fourth of these issues the defendant specially asked for an instruction that "if the jury find the facts, as the evidence tends to show," they will answer the issue "No," referred to as a request for a directed verdict. The court declined to give the instruction and defendant excepted.

Other exceptions were made to various parts of the charge as given. Sufficient reference to these is made in the opinion.

The issues were answered in favor of the plaintiff and judgment rendered in accordance therewith. Defendant excepted to the refusal to set aside the verdict on matters of law, and to the signing of the judgment, assigning. error.

*George A. Younce for plaintiff, appellee.*

*F. D. Hackett, John R. Hughes, and McLean & Stacy for defendant, appellant.*

SEAWELL, J. The defendant states in his brief that the main question involved in the present case is the validity in this State of the divorce decree granted him in Florida. He contends that it should be given full faith and credit here, as a judgment of a sister state.

The attitude of the North Carolina Court in refusing to recognize as valid a decree of divorce granted against a resident of this State upon whom no personal service has been made in the jurisdiction of the forum does not offend against the full faith and credit clause (Article IV, sec. 1), of the Federal Constitution. *Pennoyer v. Neff,* 95 U. S., 714, 24 L. Ed., 565; *Maynard v. Hill,* 125 U. S., 190, 51 L. Ed., 564; *Haddock v. Haddock,* 201 U. S., 562, 50 L. Ed., 867; *Pridgen v. Pridgen,* 203 N. C., 533, 538, 539, 166 S. E., 591; *Irby v. Wilson,* 21 N. C., 568.

Marriage is regarded as creating a status within the protection and control of the laws of the matrimonial domicile, which from considerations of public policy, will not be deemed destroyed unless the resident party has been brought within the jurisdiction of the foreign state by more than constructive notice.

It is fundamental that a State "has no power to enact laws to operate upon things or persons not within her territory." *Irby v. Wilson, supra.* Notice and hearing are essential to due process of law under the Fourteenth Amendment of the Constitution of the United States, McGehee, Due Process of Law, 76; Honnold, Supreme Court Law, 847; *Scott v. McNeal,* 154 U. S., 34, 36, 38 L. Ed., 896, 901; and there is neither

notice nor hearing under such fictional service. *Pennoyer v. Neff, supra.*

Whatever the effectiveness of such a proceeding where both parties are within the jurisdiction of the forum, it has no extraterritorial effect upon a resident of another State or the matrimonial status there existing, unless the laws of the State of such residence recognize the proceeding as valid. Here they do not. It has been the law of this State since early times that a divorce decree obtained in a foreign State against a resident of this State, where there has been no personal service within the jurisdiction of the forum, and no answer or appearance or other participation in the proceeding which might be considered its equivalent, is void here. *Irby v. Wilson, supra; Arrington v. Arrington,* 102 N. C., 491, 512, 9 S. E., 200; *Harris v. Harris,* 115 N. C., 587, 20 S. E., 187; *S. v. Herron,* 175 N. C., 754, 94 S. E., 698; *Pridgen v. Pridgen, supra.*

The case of *Bidwell v. Bidwell,* 139 N. C., 402, 52 S. E., 55, relied on by defendant, does contain a dictum of contrary significance. This case is discussed in *S. v. Herron, supra,* and *Pridgen v. Pridgen, supra* (p. 541), and the conclusion reached that the "obiter" in the *Bidwell case, supra,* "does not show that North Carolina should be taken out of the class of States which decline to recognize the validity of a divorce rendered in a court which had jurisdiction over only one of the parties." *Pridgen v. Pridgen, supra.*

On inspection of the record, it appears that the divorce decree rendered in the State of Florida is void, and unavailable as a defense in this action.

Defendant's counsel concede that the motions for judgment as of nonsuit, the requested instructions to the jury, and the exceptions to the charge, are without validity unless the Florida divorce can be upheld, since they are predicated on that theory. But if we have misunderstood the extent of the concession, we, nevertheless, find that the defendant is, in fact, at such a disadvantage in regard to these exceptions, since the invalidity of the Florida divorce deprives them of merit.

The plaintiff, in the course of her examination, was permitted to relate a conversation which she said took place between her and Mr. Hughes, defendant's attorney, regarding the whereabouts of defendant during his alleged residence in Florida. Defendant objected and excepted. Since this evidence related to the fraud issue, which may be ignored because of the invalidity of the decree for another reason, the error, if any, was harmless.

We find

No error.