CHARLEY SCARBORO, JOHN SCARBORO, WILL SCARBORO, CHESTER SCARBORO, ARTHUR SCARBORO, DOC SCARBORO, AND JEFF SCARBORO v. MARY MORGAN, ALIAS MARY SCARBORO,

and

MARY SCARBORO v. CHARLEY SCARBORO, ADMINISTRATOR UPON THE ESTATE OF EVERETTE SCARBORO, DECEASED.

(Filed 11 April, 1951.)

**1. Quieting Title § 2—**

In an action to remove claim of dower as a cloud on title, plaintiff's evidence and defendant's admissions tending to establish that at the time of defendant's marriage to deceased she had a living husband by a former

marriage, and that the first marriage had not been dissolved by divorce at the time of the second ceremony, is sufficient to take the case to the jury.

**2. Marriage § 7—**

Where suit for annulment on the ground that plaintiff was under fourteen at the time of the marriage is instituted after the ratification of Chap. 1022, Session Laws of 1949, and it is made to appear that children of the marriage were alive at the time decree of annulment was entered, the decree is in conflict with the statute and was improvidently entered. G.S. 51-3 as amended.

**3. Marriage § 2f—**

A bigamous marriage cannot be given validity by a subsequent annulment of the first marriage.

**4. Evidence § 35—**

Ordinarily a judgment in another cause is not admissible to prove a fact in issue in the present action.

**5. Judgments § 29—**

The wife's decree of annulment of a prior marriage rendered after the death of the male party to a second ceremony is not binding upon his heirs at law, since they were not parties thereto.

APPEAL by Mary Morgan, *alias* Mary Scarboro, from *Carr, J.,* and a jury, at September-October Term, 1950, of JOHNSTON.

Two civil actions consolidated by consent for trial. Both cases involve the single question of whether the marriage between Everette Scarboro, deceased, and Mary Morgan, *alias* Mary Scarboro, was bigamous and void on the ground that at the time of her marriage to Everette Scarboro Mary Morgan had a living husband from whom she had not been divorced.

The first action was brought by the children of Everette Scarboro by a former marriage, against Mary Morgan, *alias* Mary Scarboro, alleging that she was not lawfully married to Everette Scarboro and that her dower claim against two tracts of land belonging to him at the time of his death constitutes a cloud upon the title which they seek to remove. Also involved in the action is title to a third tract of land which Mary Morgan (Scarboro) claims as surviving tenant by the entirety. The defendant denies the material allegations of the complaint and alleges that she was Everette Scarboro's lawfully wedded wife at the time he died intestate in August, 1948.

The second case is a proceeding brought by Mary Scarboro against the administrator of Everette Scarboro for the allotment of her year's allowance. The proceeding was instituted before the Clerk of Superior Court, but upon issues joined, the case, by consent, was tried in the first instance in the Superior Court along with the other case.

The jury verdict in each case was adverse to Mary Morgan (Scarboro), indicating a finding that her second marriage was bigamous and void. Judgment was entered in the first case adjudging that she has no dower estate in the two tracts of land owned by Everette Scarboro, and that she owns only an undivided one-half interest in the so-called entirety tract. In the other case in which she was seeking a year's allowance, judgment was entered on the verdict denying her claim.

From judgment in each case, Mary Morgan (Scarboro) appeals, assigning errors.

*Lyon & Lyon and Sharpe & Pittman for Mary Morgan (Scarboro), appellant.*

*Leon G. Stevens, Hooks, Mitchiner & Spence, and Mary H. Lehew for appellees.*

JOHNSON, J. The appellant, Mary Morgan (Scarboro) insists that her motion for nonsuit, renewed at the close of the evidence, should have been sustained for failure to make out a case of bigamous marriage against her. A study of the record impels the opposite view.

It appears in evidence that Mary Knight married Herman Morgan in Wilson County in December, 1914; that she lived with him about seven years, bore him three children, and thereafter was deserted by him in 1921; that thereafter she went through a marriage ceremony with Everette Scarboro in Johnston County in November, 1934. Certified copies of both marriages were introduced in evidence. It was further shown that at the time of the second marriage Herman Morgan was living; and substantial evidence was offered tending to show that the first marriage had not been dissolved by divorce at the time of the second ceremony. Mary Morgan (Scarboro) admitted upon the witness stand that she went through both marriage ceremonies. She also admitted that about two years after the second marriage, Herman Morgan came to her Scarboro home looking for the children, and she stated she talked with him at that time. She further admitted that she had never been divorced from Herman Morgan. It would seem that the foregoing evidence, supported as it was by other testimony, exceeded the minimum requirements necessary to overcome the demurrer and take the case to the jury. See *S. v. Williams,* 224 N.C. 183, p. 190, 29 S.E. 2d 744; *S. v. Herron,* 175 N.C. 754, p. 759, 94 S.E. 698. Also annotations: 34 A.L.R. 464, pp. 491 and 495; 77 A.L.R. 729, pp. 740 and 741. The motion to nonsuit was properly overruled.

The rest of appellant's exceptions relate to the admission and exclusion of evidence. Chief emphasis is placed on the exception relating to the action of the court in refusing to permit appellant to offer in evidence a

certified copy of a judgment rendered in the Superior Court of Wilson County in an action entitled "Mary Knight Morgan (Scarboro) *v.* Herman Morgan," purporting to decree an annulment of the marriage between Mary Knight and Herman Morgan. The judgment recites personal service of summons on Herman Morgan. It also recites a jury verdict, finding, among other things, that Mary Knight and Herman Morgan were married in December, 1914; that Mary was then under the age of fourteen, and that she "disaffirmed the purported marriage to the defendant before she reached the age of 14." How she disaffirmed the marriage while living with Herman seven years and bearing him three children is not made to appear. But nevertheless, the judgment decrees that the marriage was and is "null and void *ab initio* for all intents and purposes." The judgment in the annulment case was rendered in June, 1949, after the instant actions were instituted in October, 1948. It also appears that the annulment judgment was rendered after the ratification of Chapter 1022, Session Laws of 1949, which amends G.S. 51-3 by adding the following proviso: "Provided further, that no marriage by persons either of whom may be under sixteen years of age, and otherwise competent to marry, shall be declared void when the girl shall be pregnant, or when a child shall have been born to the parties unless such child at the time of the action to annul shall be dead." Two children of Mary and Herman Morgan were alive at the time this judgment was entered. The record indicates that both of them testified in the trial below. Therefore, the decree of the Superior Court of Wilson County, being in conflict with the cited statute, was improvidently entered.

But should we concede, *arguendo,* that the judgment is valid, it would be effective only from the date of rendition and would not affect the instant case so as to give retroactive validity to a prior bigamous marriage. *Sawyer v. Slack,* 196 N.C. 697, 146 S.E. 864; *Watters v. Watters,* 168 N.C. 411, 84 S.E. 703. Here the rights of the parties became fixed and determined as of the date of the death of Everette Scarboro in August, 1948. *Simpson v. Cureton,* 97 N.C. 112, 2 S.E. 668.

The annulment judgment does not come within the exceptions to the rule "that a judgment in another cause, finding a fact now in issue, is ordinarily not receivable" in evidence. Wigmore on Evidence, 3d Ed., Vol. 5, Sec. 1671a, p. 687, *et seq.;* Wigmore on Evidence, 3d Ed., Vol. 4, Sec. 1346a, p. 671. In any event, the heirs at law of Everette Scarboro, not being parties to the action in Wilson County, are not bound by the annulment judgment. 30 Am. Jur., p. 951. The judgment was properly excluded.

We have examined the other exceptions brought forward in appellant's brief and find in them no cause to disturb the results below.

No error.